## 636     CASES IN THE SUPREME COURT

RICHARDS and Others *v.* RICHARDS.

RICHARDS
*v.*
RICHARDS.

Suit by a widow for partition of the lands of which her husband died seized, and which by his will he attempted to dispose of to his minor children, who were made defendants. A guardian *ad litem* was appointed for all the minor defendants but one, who had not been served with process, but whose testamentary guardian had been served. Answer by the guardian *ad litem*, that the plaintiff was not entitled to any share of said lands, because of an ante-nuptial agreement, and of the execution of said will, by the husband, disposing of said land. The agreement pleaded provided that the husband was to have the right to dispose of his lands, by will or otherwise, as he might please, provided that if he died first his wife was to be provided with a home and a support on the home farm during her life, and also to have what might remain of any property she might bring to him, she taking care of his children while they were willing to stay with her. Another clause provided that the wife should take care of said children, or cause them to be taken care of and provided for, if the husband should die before they are able to take care of themselves, and that she should also pay the taxes and keep up the farm, &c. The will of the husband devised the land to his minor children. A demurrer having been sustained to this answer judgment was rendered for the plaintiff, without proof, for want of an answer.

*Held,* that it was erroneous to render judgment for want of an answer, without proof, and that the Court might have compelled the guardian to put in an answer, or in default thereof have removed him.

*Held,* also, that the provisions of the ante-nuptial contract were intended to, and did, exclude the wife from claiming that interest in the lands, which she would otherwise have been entitled to under the law.

*Held,* also, that the service of process upon the testamentary guardian was sufficient, under the statute regulating partition suits, to bring his ward before the Court.

*Thursday,*
*February 6.*

APPEAL from the *Grant* Circuit Court.

HANNA, J.—*Sarah Richards* brought her action to obtain partition of certain lands, of which she averred her late husband died seized, and which, by will, he attempted to dispose of to his minor children, the present appellants, who are made defendants. Said minors were defaulted, and a guardian *ad litem* appointed to defend for all of them, except one, who was not served with process, but whose testamentary guardian was served.

The guardian *ad litem* answered, admitting the marriage, seizure, execution of the will and death of the testator;

but denying that plaintiff was entitled to any part of said lands, because of an ante-nuptial contract and of the execution of said will; which contract is as follows, substantially:

"Mem., &c. between, &c., witnesseth, that in consideration hereafter mentioned, to wit: the parties propose to enter into marriage, and both owning property, it is therefore agreed by the said parties, that in consideration thereof the said *Henry Richards*, Sr., is to have the right to dispose of his lands by will or otherwise, agreeably to his own views; provided, if he dies first, the said *Sarah* is to be provided with a house and home and support on the home farm during her lifetime, and she be entitled to such property as may be left of what she brings to him; also a share of what may be laid in for the support of the family, she taking care of his children while they are willing to stay with her. It is further agreed that so much money as the said *Henry* may have over and above what may be needed for the support of the family, he is to dispose of by his will or otherwise, as to him shall seem right; whereof the said *Sarah* claims no part, and hereby relinquishes all right thereto, that is, whatever is now accumulated. And the said *Sarah* is to take care of said children, or cause them to be taken care of, and provided for, if the said *Henry* should die before they are able to take care of themselves; that is, the young children, or those by *Mary*. The said *Sarah* is to pay the taxes and keep up said farm after his death if he dies first. In witness," &c., signed, sealed and acknowledged.

By the will, the land in controversy was devised to the minor defendants, being children by the testator's second wife, *Mary;* to be divided among them when they arrive at age; and by it certain legacies, in money, were to be paid to his children by his first wife. His executor was to rent the land, keep it in repair and pay taxes. If any money was left after paying debts and legacies, &c. it was to be loaned; and, afterward, divided share and share alike among his second set of children. The will then states that, "Provided, also, and if I should die before I obtain a divorce from *Sarah Richards, alias Sarah Allen,* and she obtains a support from my estate, then, in that case it will be likely to consume the

Nov. Term, rents and profits, then in that case, the farm to be rented
1861.   until the aforesaid legacies are paid without having to sell
RICHARDS  any of the lands."

v.          It is shown that the testator died about three years after
RICHARDS.  the marriage, and averred in the answer that at his death
and for a long time before, said *Sarah* had been living in the
State of *Illinois*, having without any just cause abandoned
said decedent, and failed on her part to comply, &c.

. There was a demurrer filed and sustained to the answer;
and the record proceeds to state that "defendant having
failed to withdraw said demurrer or further answer, it
is therefore considered," &c., setting forth the finding and
judgment of the Court.

It is manifest that the judgment should be reversed, for
the reason that the record thus discloses the fact that it was
rendered without proof, and for failure on the part of the
guardian *ad litem* to answer. After the demurrer was sus-
tained the Court should have heard proof, as against said
minors, of the allegations in the complaint; and, perhaps,
that there might be an issue formed to which the same would
be applicable, it rested with the Court to compel the guard-
ian to put in an answer, at least the formal one. If he
should stand in contempt, in refusing to obey the order
of the Court in that respect, he could be removed, and
another appointed, or other order made in regard to such
contumacious act. But for such act the sacrifice of the .
rights of the minor defendants, which he was appointed to
guard, should not be permitted, much less ordered, by the
Court. So much in regard to the order of the Court in
entering judgment for want of an answer.

The question remains, of whether the answer filed was
sufficient. It is insisted that it was not, because the contract
had reference to the remuneration which the plaintiff was
to receive for maintaining the children of deceased, and that
the provision therein made for her was not in lieu of any
rights of property which might otherwise accrue from the
marital relation.

Upon a careful consideration of the said contract pleaded,
it appears clear that the deceased desired to retain the right

to dispose of all his lands and money, then accumulated, except, that if his intended wife should survive him, she should be "provided with a house, and a support on the home farm during her lifetime." It further appears that she was possessed of property, whether real or personal, or both, does not appear. There is no provision that if he survived her, any of this should belong to deceased; but it is provided that, of such as she might bring to him, any that remained at his death, if she survived, she should be entitled to. Now, it is equally clear that this intention of the deceased, as to the disposition of his property, can not have effect, and the other contracting party, at the same time, acquire the right to a considerable portion of that property in the event of his death. This would defeat that clause of the contract by which he reserved the right to dispose of the same by will. To whom the property should be bequeathed was a matter wholly within the control of deceased, if our construction of the contract in reference to his intention is correct, and if the same has been so prepared as to give effect to that intention. He might have willed the property to the plaintiff, as well as to another; whether she had in view such a result, in addition to the terms and provisions of said contract as to her interests, we can not say. We are not disposed to regard the provisions of the contract for the plaintiff's benefit, as being in compensation for any outlays she might be at for the maintenance, clothing, or education of the defendants, if such should be necessarily incurred by her in discharge of the maternal relations she was about to assume toward them. Nor is it necessary for us to decide whether or not, any physical labor was contemplated as due from her in "caring" for said defendants, after the death of their father. This question can not arise, because the demurrer admits the averments of the answer that she has failed to perform, &c. But still we might say, incidentally, in construing the contract, that the ages of the children are not given, nor that of the plaintiff; nor is any time fixed during which she was to take care of defendants; only while they were "willing to stay with her," or until they were "able to take care of themselves." How

long this might be, and how much, if any, longer it might be presumed, in the usual course of nature, the plaintiff would live to enjoy the provision made for her, we are not informed; indeed, the same is left entirely indefinite, as if it was to depend much upon the affection or aversion that might spring up between those interested in its ultimate performance. The total abandonment, without cause, of marital duties, about to be assumed, does not appear to have been foreseen, nor provided for. Nor need we stop to consider what effect such a state of facts, if clearly shown, would have upon the provisions of said contract. All we need decide now, and all we do decide, is that, in our opinion, the provisions of the contract, so far as the plaintiff's interests were included, was intended to, and do, exclude her from claiming that portion of, and interest in, the realty which, otherwise, under the law, she could have claimed. *Houghton* v. *Houghton*, 14 Ind. 506. As to whether a service upon the testamentary guardian was sufficient, or not, to bring into Court his ward, we are of opinion that in applications for partition, service upon such guardian is sufficient, because of the statute, 2 R. S., § 24, p. 328, authorizing him to agree to a partition under the direction of the Court.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Isaac Van Devanter* and *J. F. McDowell*, for the appellants.

*J. Brownlee*, for the appellee.