The opinion of the court was delivered by
Breaux, J.
Plaintiff sued as sole legatee of the late Shepherd Brown, Mrs. Mary P. Gatlin, surviving spouse of James S. Gatlin, now wife of John P. Mangin.
The suit was brought against her individually and against her as tutrix and against her present husband, as co-tutor of the minor, James A. Gatlin, for lands, plaintiff alleged, was in their possession. The service was personal upon the defendants; they filed no appearance. On motion, regularly made, a default was entered of record.
In due time on the application to confirm the default, the judge of the District Court dismissed the suit and gave for reason: that the defendants failed to answer, but made affidavit individually and as representing the minor, to the effect that they are in possession of the land claimed, and that upon this and other evidence, it is proposed to confirm the-judgment by default against them and their ward; that the judgment, if thus rendered, will be, substantially, a consent judgment against a minor, and as such, at variance with the letter and spirit of the law, and further, that the plaintiff who claims as universal legatee of Shepherd Brown has failed to offer or file the judgment under which he claims, and that he has not shown that the lands said to be swamp lands, ceded by the United States Govern *878 ment to the State* and by the latter sold to them, have ever been listed and approved to the State by the proper officers of the United States Government.
From the judgment, dismissing the suit, the plaintiff prosecutes this appeal.
The admission of the defendants that they were in possession of the land claimed, as alleged, was signed by them on the 16th day of December, 1895. It was offered as evidence on hearing for confirmation of default on January 10, 1896. The form of the admission, the fact admitted and the date, (being the day on which the papers were served), are, in effect, a consent, to a judgment, particularly when it is borne in mind that no objection whatever was interposed to the suit. A real right was involved, one which a tutor is not authorized under the law to waive, or in any manner gratuitously abandon. It has been said of the tutor in the matter of the abandonment of the right of a ward: Qui non potest donare, non potest confiten. The tutor may make judicial avowals provided they are within the bounds of his authority, but he is without authority to confess judgment or to sign an acknowledgment in advance (without judicial sanction whatever) of a fact to be used in a suit against his ward.
The property of minors is administered under the diieetion of the courts through tutors who are their agents (particularly of the District Court), to whom they primarily owe an account of their gestión.
In confirming a default it is preferable, as a precedent, that the District Judge should have the opportunity to judge for himself; by the examination in his presence of witnesses who testify in support of material facts, or after an examination of witnesses contradictorily with the opposing party.
It is a question of practice of no great significance, possibly, in this case, and which called for no explanation from the worthy counsel, who acted in the utmost good faith and violated no rule' of propriety in accepting the admission tendered.
We feel constrained solely on the ground we have stated to agree with the District Court. We think when minors are concerned, it is decidedly advisable to avoid even the appearance of an ex parte consent. With reference to the evidence on other points we deem it unnecessary, at this time, to express an opinion.
It is therefore ordered and decreed that the judgment appealed from is affirmed.