CASE 47.—ACTION BY MARGARET FUNK AGAINST VIOLA
FUNK'S GUARDIAN FOR BOARD AND CLOTHING
OF HIS WARD.—November 13.

## Funk's Guardian. &c. v. Funk

Appeal from Bullitt Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for plaintiff by default. Defendants appeal.—Reversed.

1. Guardian and Ward—Care of Ward's Estate—Supervision by
Court—Statutory Provisions.—Ky. St. 1903, section 2034, pro-
vides in what cases disbursements shall be allowed a guardian
for the maintenance and education of the ward beyond the
income of his estate. Section 2039 gives the courts of chan-
cery power to control the ward's custody, tuition, and man-
agement of his estate. Sections 2032 and 2033 give to the
guardian possession and management of the ward's estate,
with power to provide therefrom for his education and main-
tenance. Held that, while the guardian is charged with the
wards' maintenance so far as the estate is sufficient, the
final supervision is vested in the court of chancery, and
arrangements by the guardian or parent must meet the ap-
proval either of the probate court or the court of chancery,
and a mother cannot recover from the principal of the wards'
estate in an action at law against the guardian for their
support where the guardian lets judgment go by default, but
it must be shown what estate the wards have, its kind and
productiveness, and the age and sex of the wards, so that the
court may decide whether application of the principal of the
estate is well founded.
Parent and Child — Support of Infant Child — Liability of
Parent.—While the parent is presumably bound to support his
infant children without charge upon their estate, yet, if the
parent is poor and their estate more able to justly bear the
expense, the parent may recover therefrom for their support.

BEN CHAPEZE for appellant.

### POINTS AND AUTHORITIES.

1. A parent is not allowed compensation for the board and tuition of his own children.

2. The corpus of the estate or the ward is not subject to the payment of board and tuition.

3. Only a court of chancery, (and surely no other court) has authority to direct the sale of the corpus of the ward's estate.

4. A pleading is most strongly construed against the pleader. The courts are the natural protectors of infants and their estates.

### AUTHORITIES REFERRED TO AND RELIED UPON.

Ky. Stats., 2034-2039; Dixon v. Hopick, 101 Ky., 231; Chapline v. Moore, T. B. Mon., 150; Bates v. Hall, 20 Ky. L. R. 573; Preble v. Longfellow, 48 Me., 279; Oakly v. Oakly, 3 Dem. Sun., 140; Eastland, 45 S. W., 412; Meyers v. Wade, O'rand. 444; Whitehead v. Braddey, 87 Va., 676; Hamselhell v. Clay F. Ins. Co., 81 Ky., 304; Rollins v. Marsh, 128 Mass., 116; Burnell v. Malony, 36 Vt., 636; Cyc. vol. 21, p. 150.

J. T. COMBS for appellee.

We submit:

1. That parents, if in needy circumstances, will be allowed compensation out of the estate of their infant children for supporting them. (Chaplin v. Moore, 7 B. Mon., 150; Hughes v. Spratt, 78 Ky., 313; Hedges v. Hedges, 24 Ky. Law Rep., 2220; Harper v. Payne, 24 Ky. Law Rep., 2301.)

2. If the mother fed and clothed and schooled her children she did that which it was the duty of the guardian to do, and is incumbent on him by statute, and the law will authorize her to receive a reasonable compensation therefor.

3. Under an express promise by appellant to compensate appellee he cannot escape payment. (Lindsay v. Stephens, 5 Dana, 104.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Reversing.

This suit was brought as a common-law action by appellee, the mother of her infant children, against their statutory guardian to recover $75 a year for their board and clothing and her services in caring for them. It is alleged that appellee is a widow of very limited means, with barely enough to sustain herself; that the infants are of tender years, incapable of laboring for their support, and too young to be bound as apprentices; that they have estates, though the income therefrom is insufficient to educate and support them. She prayed for a judgment against the guardian for the sum alleged to be reasonable pay for their clothing, nurture, and education for several years previous, to be satisfied out of the estate in the hands of the guardian. A general demurrer to the petition was overruled. The guardian declining to plead, a judgment for the sum sued for was rendered by default. The guardian appeals

The statute under which the action is said to have been brought is section 2034, Ky. Stats., 1903, as follows: "No disbursements shall be allowed the guardian for the maintenance and education of the ward beyond the income of the estate, except in the following cases, unless authorized by the deed or will under which the estate is derived. (1) When the ward is of such tender years or infirm health that he can not be bound out as an apprentice, or no suitable person will take him as such. (2) When it is best for the ward that the principal of his personal estate shall be applied for his board and tuition, and the court, upon settlement of the accounts, shall deem such application

to have been judicious and properly made. But
neither the ward nor his real estate shall be liable
for any such disbursement.'' Section 2039, Ky. Stats.,
1903, provides: ''The several courts of chancery shall
have power to hear and determine all matters between
guardian and ward, require settlements of guardian-
ship accounts, remove a guardian for neglect or breach
of trust, control the custody and tuition of the ward
and the management and preservation of his estate,
and direct the sale of any of his real estate, if neces-
sary to the proper maintenance and education of the
ward, or for the payment of his debts.'' Sections 2032,
2033, Ky. Stats., 1903, read: ''A guardian shall have
the custody of his ward, and the possession, care, and
management of the ward's estate, real and personal,
and out of the estate shall provide for the necessary
and proper maintenance and education of the ward.''
''The father of the minor if living, or if dead, the
mother, if suited to the trust shall be allowed by the
court to have the custody, control and education of the
ward. It is thus shown that the supreme care of the
law is the ward's welfare—first, his necessary main-
tenance; then, his proper education; then, the preser-
vation and proper application of his estate. While it
is recognized that the parent or guardian might prop-
erly look after the minor's education, and that the
guardian is charged, so far as the estate is sufficient,
with his maintenance, the final power of supervision
and control in all these matters is left with the court of
chancery. The sections quoted should be read to
gether. The interests of the infant ward will not be
left entirely to his parent or guardian or to their joint
action. At last it must meet the approval either of
the probate court where the guardian's accounts are
to be settled, or of the court of chancery, which may

have jurisdiction of the matter. If the guardian and parent could not out of court agree as between themselves as to the application of the ward's estate contrary to the final and supervisory judgment of the proper court before which the accounts may come for settlement, they could not bind it by proceedings in an action at law, where one alleges a state of facts to exist upon which an implied or express assumpsit is based against the ward's estate, and the other by confession admits his ward's estate to be liable, whereby it may be sequestered by execution. Nor should the guardian, in case of an honest doubt as to his duty and the ability of the ward's estate to properly maintain and educate the minor, be subjected to the hazard of having his accounts disallowed upon the final settlement. The guardian may sell his ward's personal estate without the intervention of a court (section 2031, Kentucky Stats., 19003), and apply the proceeds as well as the rents from his lands to his maintenance and education, when he can not be bound as an apprentice. One with whom he places the ward to board, and who furnishes clothing or other proper items of support, may maintain an action at law against the guardian to recover for the things so furnished. But, before a judgment will be rendered in such action, it should be made to appear what estate the ward has, as upon that fact will largely depend the reasonableness of the charge—a fact which can not be substituted by the admission of the guardian and the judgment of a court of law upon it. The petition should have set out what estate the ward has, its kind and productiveness, the age and sex of the ward, so that the court might have seen whether the allegation was well founded that the application of the principal of

the estate was required, in addition to its income to properly maintain and educate them.

This is not a suit to sell the ward's real estate for any of the purposes named. Such a proceeding is regulated by Civil Code of Practice, section 489. While the parent is presumably bound to support his infant children without charge upon their estate, yet if the parent is poor, and the estate of the children more able to justly bear the expense of their maintenance and education, the parent may recover for supporting them. Chapline v. Moore, 7 T. B. Mon. 150; Hughart v. Spratt, 78 Ky. 313; Hedges v. Hedges, 73 S. W. 1112, 24 Ky. Law Rep. 2220; Harper v. Payne, 73 S. W. 1123, 24 Ky. Law Rep. 2301.

The judgment is reversed, and cause remanded for proceedings not inconsistent with this opinion.