BRUCE v. BRUCE et al.

(Circuit Court of Appeals, Fifth Circuit. January 29, 1920.)

No. 3468.

1. INSANE PERSONS ⊂⊃26—WANT OF NOTICE OF PROCEEDINGS TO ADJUDGE INSANE DOES NOT WARRANT COLLATERAL ATTACK.

Want of notice to an alleged lunatic of proceedings adjudging him insane, committing him to an asylum, and appointing a guardian for his person and estate, does not justify an attack in a collateral proceeding; such proceedings being in rem.

2. INSANE PERSONS ⊂⊃71—NOTICE TO LUNATIC OF PROCEEDINGS FOR LEAVE TO TURN OVER PROPERTY TO MORTGAGEE IS NOT REQUIRED.

A proceeding by a guardian of an insane person for authority to turn over certain of his property to a mortgagee for an agreed credit on the mortgage debt was a proceeding in rem, and no notice of its pendency to the lunatic was required.

3. INSANE PERSONS ⊂⊃71—DECREE AUTHORIZING TURNING OVER PROPERTY TO CREDITOR MAY BE ATTACKED COLLATERALLY, IF PROCURED BY FRAUD.

A guardian of an insane person, in procuring authority to turn over property to a mortgagee for an agreed credit on the mortgage debt, must exercise the utmost good faith with reference to his ward, and if he procures the decree by fraud it is assailable in a collateral proceeding.

4. INSANE PERSONS ⊂⊃71—FALSE REPRESENTATION KNOWINGLY MADE IN PROCURING PERMISSION TO TURN OVER PROPERTY TO CREDITOR WILL SUPPORT COLLATERAL ATTACK.

Where permission to a guardian of an insane person to turn over property to a mortgagee for an agreed credit on the mortgage debt was granted on the guardian's ex parte proof, false representations knowingly made by him as to the value of the property constituted fraud, warranting a collateral attack on the decree.

5. INSANE PERSONS ⊂⊃100—BILL FOR RELIEF FROM DECREE HELD TO SUFFICIENTLY CHARGE FRAUD.

A bill for relief from a decree rendered while plaintiff was under-guardianship as an insane person, authorizing the guardian to turn over

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

property to a mortgagee for an agreed credit of $4,959.98, sufficiently alleged fraud, where it alleged that the proceeding in which the decree was rendered was taken to divest plaintiff of valuable property for less than one-third of its value, that its true value was at least $15,000, and that the petition of the guardian represented that its value was about $3,000; especially where the bill was dismissed because of the supposed invulnerability of the decree, even when assailed for fraud.

Appeal from the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Suit by George Bruce against E. F. Bruce and others. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded.

John C. Avery, of Pensacola, Fla., for appellant.

William H. Watson and S. Pasco, both of Pensacola, Fla., and Robert H. Anderson, of Jacksonville, Fla., for appellees.

Before WALKER, Circuit Judge, and GRUBB and CLAYTON, District Judges.

GRUBB, District Judge. This is an appeal from the order of the District Court dismissing appellant's bill of complaint in equity. The bill sought relief against certain decrees in lunacy and guardianship proceedings affecting the appellant, rendered in the state courts of Florida, because of alleged fraud and want of notice in their procurement. The errors assigned and relied upon by appellant are based upon the action of the District Judge in refusing to strike from the answer of the appellees certain portions thereof. Upon the denial of the motion to strike, the appellant stated to the District Judge that, because of this ruling, the plaintiff (appellant) would offer no evidence in support of his bill, and the bill was thereupon dismissed by the court. The portions of the answer, sought to be stricken by appellant, set up certain proceedings in the state courts as a bar to the prosecution of the present bill, and the parties and the District Judge seem to have treated this ruling as foreclosing the appellant from assailing the decrees rendered in such proceedings, even for fraud, and it was for that reason apparently that the appellant offered no evidence of fraud in support of his bill.

The appeal presents these questions: (1) Whether the proceedings and judgments could be collaterally impeached in equity for fraud or want of notice to the lunatic; and (2) whether the bill sufficiently charged fraud.

[1] 1. The plaintiff was adjudged to be insane by the judge of the county court of Santa Rosa county, Florida, in a statutory proceeding, and was confined by an order of the court in an asylum as a person of unsound mind. A guardian was appointed for his person and estate thereafter by the same court. The plaintiff was afterwards declared to be improved and harmless, and was released from the asylum. He thereupon instituted this suit. The bill fails to aver any such irregularities in the proceedings adjudging the plaintiff to be insane, and committing him to the asylum, and appointing a guardian for his person and estate, as would justify an attack in a collateral proceeding, such as this is. The proceedings were in rem, and no notice thereof to the lunatic was required or possible. The bill does not charge that

the plaintiff was sane, when adjudged insane and committed; nor does it charge that the proceedings in lunacy were instituted with a design to defraud the plaintiff of his property.

After the plaintiff's adjudication, and during his confinement, the guardian, who was his brother, filed a petition in the circuit court of Santa Rosa county, Florida, for authority to enter into a contract compromising a debt owing by the lunatic to his brother-in-law, the appellee W. A. Watson, and which was secured by a mortgage on certain real estate of the lunatic, and also on certain dry docks and equipment that belong to him. The amount of the debt was $4,959.98. The petition was filed under the authority of section 2631 of the General Statutes of Florida of 1906, which is as follows:

"Guardians of idiots and lunatics shall be authorized to make such contracts relative to the persons and estates of such idiots and lunatics as they may deem expedient, but before such contracts shall bind such estates they shall be approved by the judge of the circuit court of the circuit in which the letters of guardianship issued."

The petition was supported by the affidavit of the guardian. The prayer of the petition was that an agreement between the guardian and the appellee Watson, by the terms of which the guardian was to deliver to Watson the dry docks and equipment and receive a credit on the mortgage debt of $4,458.98, leaving an unpaid balance thereon of $500, for which the real estate was still to stand security, be approved. The petition alleged:

"That the said dry docks are now in a greatly depreciated condition, and are probably now worth about 25 per cent. of their original cost price of $12,000. Said docks have been sunk for several years, during which time no repairs have been made thereon, and large sums of money will have to be spent thereon in order to replace them in a working condition. Petitioner has no sums of money in this estate to put to such purpose, and the value of said docks, in their present condition, does not exceed the amount of credit said W. A. Watson has agreed to make on the indebtedness to him of George Bruce."

These averments were sworn to by the guardian, and were the only proof in support of the petition, submitted to the judge of the circuit court. On them he acted in approving the guardian's agreement, which was subsequently executed by the delivery to Watson of the dry docks and equipment. Watson sold the dry docks and equipments to the Bruce Dry Dock Company, appellee, in which he was financially interested.

[2-4] The plaintiff seeks relief from the decree of the circuit court of Santa Rosa county, approving this contract and the recovery of his property. The decree is assailed both for want of notice and for fraud in its procurement. The proceeding being in the nature of a proceeding in rem, no notice of its pendency was required to be given the lunatic, and none was practicable. However, the guardian was required to exercise the utmost good faith with reference to his ward, and, if he procured the decree by fraud, it is assailable in this indirect proceeding. Arrowsmith v. Gleason, 129 U. S. 86, 9 Sup. Ct. 237, 32 L. Ed. 630; McDaniel v. Traylor, 196 U. S. 415, 25 Sup. Ct. 369, 49 L. Ed. 533; Simon v. Southern Railway Co., 236 U. S. 115, 35 Sup. Ct.

255, 59 L. Ed. 492. It is true that in a contested case the presence of perjured testimony on the trial is not ordinarily and of itself sufficient evidence of fraud in securing the judgment. In this case the presentation of the matter to the court by the guardian was ex parte, and the only proof, submitted to the circuit court was the sworn petition of the guardian, on the faith of the truth of which the court altogether relied. If the guardian knowingly made false misrepresentations to the court in the petition as to the value of the ward's property, this was a procuring of the judgment by the party seeking it through fraud. The case of Arrowsmith v. Gleason, supra, is in point and controlling.

[5] 2. The answer contained a motion to dismiss the bill, charging that it failed to state "such a cause as entitled him [plaintiff] to any relief of or from the defendants." Appellees contend that the bill fails to charge fraud in the procurement of the decree of the circuit court, confirming the agreement between the guardian and Watson. The bill avers, though only by indirection, that the proceeding in the circuit court of Santa Rosa county, in which the decree attacked was rendered, was "taken to divest your orator of his said valuable property for less than one-third of its value," and also alleges, on information and belief, that the true value of the dry docks and equipment, when taken possession of by defendants, was at least $15,000. The guardian's petition had represented to the court that their value was "probably about 25 per cent. of their original cost price of $12,000," which is only one-fifth of their alleged actual value. It is true that the bill does not in terms charge that either the guardian or Watson knew of the actual value of the property as charged in the bill of complaint. However, we think it was sufficient as against a general motion to dismiss, especially in view of the fact that the dismissal of the bill of complaint was brought about, not by any imperfections in its averments of fraud in the procurement of the decree, but because of the supposed invulnerability of the decree, even when assailed for fraud in its procurement.

The dismissal of the bill upon the ground stated also makes it improper now to pass upon the affirmative defenses of election and estoppel presented in the answer of all the defendants, and upon the defense of innocent purchaser for value without notice presented in the answer of the defendants other than the guardian. Upon the return of the case to the District Court, fraud in the procurement of the judgment of the kind indicated should be directly and explicitly charged, by a statement of the facts relied upon by appellant to constitute it, together with the averment of the necessary intent and purpose.

The decree of the District Court, dismissing the bill of complaint, is reversed, and the cause remanded for further proceedings in conformity with this opinion; and it is so ordered.