GRAY COUNTY, TEX., v. HAMER.*

(Circuit Court of Appeals, Fifth Circuit. December 13, 1921.)

No. 3665.

1. Highways ⬅️113(4)—County held without authority to pay more than the contract price for work done.

The commissioners' court of a Texas county entered into a contract with defendant to do certain road work in accordance with specifications, for which the county agreed to pay $15,000, as the "contract price." Held that, where no more work was done than that provided for in the contract, the court was without power to afterward allow a further sum in pay-

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 256 U. S. —, 42 Sup. Ct. 317, 66 L. Ed. —.

ment therefor, under article 3, § 53, of the state Constitution, which provides that no county shall be authorized "to grant * * * any extra compensation * * * to a contractor after * * * a contract has been entered into, and performed in whole or in. part."

2. Judgment ☞521—Suit to restrain enforcement held direct attack on judgment.

A suit commenced in a state district court of Texas to restrain enforcement of an order of a county commissioners' court allowing a claim in favor of defendant, and directing issuance of warrants in payment hereof, which order, under the state decisions, constitutes a judgment, *held* a direct and not a collateral attack on the order, and properly brought; the district court being given general supervisory control over commissioners' courts by Const. Tex. art. 5, § 8.

Appeal from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Suit in equity by the County of Gray, State of Texas, against J. F. Hamer. Decree for defendant, and complainant appeals. Affirmed in part and reversed in part.

A. M. Mood, of Amarillo, Tex., for appellant.

W. H. Kimbrough, of Dallas, Tex., and R. E. Underwood and M. J. R. Jackson, both of Amarillo, Tex., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Appellant, a county in Texas, filed its original petition in the state district court. The suit was removed to the United States District Court by appellee, who is a citizen of a state other than Texas.

The amended petition seeks to cancel a series of county warrants, aggregating $15,000, which theretofore had been delivered to appellee, and also to vacate and set aside an order of the county commissioners' court requiring the issuance and delivery to appellee of another series of warrants aggregating $10,000, but which had not been issued or delivered.

June 18, 1917, in pursuance of an order of the county commissioners' court to that effect, a contract was entered into between the county and appellee providing for the construction and repair by appellee of certain county roads and bridges, for the principal sum of $15,000, to be represented by county warrants. The contract contained the following provisions:

"And the said county hereby promises and agrees with the said contractor to employ him, and does employ him, to provide the materials and do said work according to terms and conditions herein contained and. referred to for the agreed price, and hereby contracts to pay the same at the time and in the manner and upon the conditions herein set forth. And other specifications as may be necessary to detail and illustrate the work to be done shall be furnished by the engineer, but the same shall be within the meaning of and consistent with this contract. The decision of the engineer, who shall be employed by the county, shall control as to the interpretation of the specifications during the execution of the work thereunder, but this shall not deprive the contractor of his right to redress, if required to do work or furnish materials by the county or engineer not mentioned in the specifications or

in this contract, and in such case the contractor shall be entitled to a reasonable value for such extra material furnished and labor performed.

"It is hereby agreed and understood that all agreements and statements, provisos, and representations made by the county to the contractor, or representatives of either, have been reduced to writing, and signed, by both parties. All agreements, statements, promises, and representations by the above parties, that have not been reduced to writing and signed, are hereby rejected, and by this agreement canceled, and are to have no consideration under this contract. Said county has and does hereby agree and provide to pay the contractor for the building, construction, and repairing of said roads and bridges the principal sum and contract price of fifteen thousand ($15,000.00)," etc.

July 9, 1917, the county commissioners' court entered an order, approving and ratifying its previous order of June 18, 1917, and, September 11, 1917, approved an estimate of $15,147.35 for the work required under the contract. December 10, 1917, the county commissioners' court entered up another order, which contains the following recitals:

"Whereas, at a regular term of this court, held on the 9th day of July, A. D. 1917, an order was passed approving a certain contract between Hamer and Hamilton, and Gray county, on the 18th day of June, A. D. 1917, providing for certain road construction and improvements in said county and containing a unit scale of prices for said work; and

"Whereas, the total amount of work done under said contract, by the said Hamer and Hamilton, and by J. F. Hamer, successor to said partnership, amounted in the aggregate to the sum of twenty-five thousand dollars ($25,000.00); and

"Whereas, 1917 time warrant road and bridge warrants aggregating the sum of fifteen thousand dollars have been issued and delivered to the said Hamer and Hamilton, leaving a balance yet due to the said J. F. Hamer, on said contract, amounting to the sum of ten thousand dollars ($10,000.00); and

"Whereas, the following order should have been entered at said July term, A. D. 1917, of this court:

"It is therefore ordered, adjudged, and decreed by the court that same may now be entered on the minutes of this court, nunc pro tunc, as of July 9, A. D. 1917."

The foregoing recitals are followed by a purported modification of the original contract, so as to include an obligation on the part of the county to pay an additional sum of $10,000. The order contained, among other things, the following:

"It is further ordered that, in accordance with said contract, warrants of Gray county, to be called 'Gray County Road Warrants, Second Series' [to] be issued in the sum of ten thousand dollars ($10,000.00), evidencing the contract price to be paid to the said J. F. Hamer, contractor, by said county for the construction of roads and culverts in and for Gray county, according to said contract and the specifications which are made a part of said contract. Said warrants shall be numbered from 1 to 10 inclusive, and shall be of the denomination of $1,000, each, aggregating the sum of $10,000."

Forms were prescribed for two series of warrants, one for $15,000, and the other for $10,000. The petition averred that the amount of the first series was excessive, and relief was prayed on that account. The petition further averred that the original contract contemplated the expenditure of only $15,000, and was discharged by the issuance of warrants for that amount; that the order for the issuance of the ad-

ditional warrants in the amount of $10,000 was void, as being without consideration, and also because the county commissioners' court was without authority of law to make it.

The answer of appellee averred that the county commissioners' court and appellee fixed the contract price for the road work at $15,000—

"thinking that the same would be sufficient to cover the work contemplated; but, upon completing part of said work to the amount of $15,000, it was found that said issue of warrants to the amount of $15,000 would not complete all of the work plaintiff county was desirous of having defendant do under the terms of said contract, and that said county and the defendant agreed to an extension of said contract to include an additional amount of work and material in the sum of $10,000, in order to complete the work on said road which plaintiff desired to have done in connection with the work previously contracted to defendant," etc.

The road upon which the work was done lies wholly within one county commissioner's district. The member from that district testified that, while he believed the work on the road would cost more than $15,000, he did not express that belief to the other commissioners until the September meeting. All the other commissioners testified that they were not informed that any amount in excess of $15,000 was claimed by the contractor until the entry of the order of December 10, 1917.

After the taking of evidence the District Court denied the relief prayed, and dismissed appellant's petition.

While there was some evidence tending to show that the work was not of the value of even $15,000, we are of opinion that the evidence on the whole was sufficient to sustain a finding to the effect that the contract was valid to the extent of $15,000. But, as we construe the contract originally entered into, the county did not obligate itself to pay more than that sum. That amount is spoken of as "the contract price," and the contract contemplates the payment in installments and by warrants of that amount. Specifications of the work contracted for were recited to have been submitted with the contract, although the testimony discloses that this was not done.

[1] The provision of the contract to the effect that the decision of the engineer should control as to the interpretation of the specifications, but that this should not deprive the contractor of his right to be paid for extra material and labor, did not have the effect of authorizing payments under an additional contract. It is not anywhere contended that the contractor was required to do work or furnish materials not provided for in the original contract. The contractor was not entitled to payments in excess of the contract price merely because the work might cost more than the amount contracted to be paid.

At its session in 1917, the Legislature of Texas enacted a statute which provides that a county commissioners' court should make no contract requiring the expenditure or payment of $2,000 or more out of any county funds without first submitting such proposed contract to competitive bids, and that a contract not complying with the terms of the statute should be void and not enforceable in any court. Vernon's Ann. Civ. St. Supp. 1918, arts. 2268a and 2268b. This statute

became effective on June 19, 1917, 90 days after the adjournment of the Legislature on March 21, 1917. It therefore appears that the contract between the county and appellee would have been invalid, because not submitted to competitive bids, if its execution had been postponed for a single day. The regular meeting day of the county commissioners for June, according to the testimony, had passed, and it was no doubt for that reason that it was considered advisable to have a ratifying order entered up at the regular meeting in July. Every member of the county commissioners' court, save the one in whose district the road work was contracted to be done, dispelled in unmistakable language the idea that a contract for the additional amount of $10,000, or for any amount in addition to that expressed in the contract, was in the contemplation of the parties.

The estimate filed by the engineers at the September meeting and appellee's answer are likewise contradictory of the contention now made that the original contract was intended to authorize an additional obligation. The extra compensation claimed is prohibited by section 53 of article 3 of the Texas Constitution, which is as follows:

"The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor after service has been rendered or a contract has been entered into, and performed in whole or in part, nor pay, nor authorize the payment of, any claim created against any county or municipality of the state, under any agreement or contract, made without authority of law."

The facts were not as stated in the so-called nunc pro tunc order of December 10, 1917. No additional amount had been authorized prior to the effective date of the statute of 1917. That order was devised to create an obligation which did not exist.

[2] But it is contended by appellee that this order constitutes a judgment, and that appears to be true. It is furthermore asserted that this judgment cannot be attacked collaterally. We concede that also to be the holding of the Texas decisions. The question remains, however, whether this suit is a collateral attack. We are of opinion that it is not, but that it is a direct attack and was properly made in the state district court, where the suit was originally brought by the appellant county. The Constitution of Texas provides (section 8, art. 5):

"The district court shall have appellate jurisdiction and general supervisory control over the county commissioners' court, with such exceptions and under such regulations as may be prescribed by law; and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

Without again reviewing the authorities, we content ourselves with a reference to the case of Powell, Garard & Co. v. Erath County (C. C. A.) 274 Fed. 305. Under the Texas decisions, giving the effect of judgments to orders of county commissioners' courts, if suit were brought by appellee against the county, the defense by the county that the additional amount of $10,000 here involved was not collectible against it, because void under the Constitution and statutes of

Texas, would be unavailing; for in defense of such a suit the county would be making a collateral attack. We are of opinion, therefore, that the county had no other adequate remedy, and that this suit is well brought.

The decree is affirmed in so far as it denied the prayer of the petition to cancel the issue of warrants in the amount of $15,000, and is reversed in so far as it refused to cancel the order for the second series of warrants in the amount of $10,000, the costs to be equally divided between the parties, and the cause is remanded for further proceedings not inconsistent with this opinion.