## SEAY et al. v. HAWKINS.

(Circuit Court of Appeals, Eighth Court. January 20, 1927.)

No. 7402.

**1. Courts ⬤343—Person against whom judgment for personal taxes is rendered held proper party complainant in suit to enjoin collection (equity rule 37).**

A judgment for personal property taxes is personal, and the person against whom it is entered is the proper party, under equity rule 37, to maintain a suit to enjoin its enforcement.

**2. Courts ⬤303(9)—Suit against county officers to enjoin collection of taxes illegally levied is not suit against the state.**

A suit against officers of a county to enjoin collection of taxes alleged to have been illegally levied is not one against the state.

**3. Courts ⬤508(3)—Statute held not to prevent federal court from enjoining enforcement of state judgment (Judicial Code, § 265 [Comp. St. § 1242]).**

Judicial Code, § 265 (Comp. St. § 1242), does not prevent a federal court from enjoining enforcement of a judgment of a state court.

**4. Judgment ⬤518—Suit to cancel judgment for taxes as invalid held direct attack on the judgment (Comp. St. Okl. 1921, § 420).**

Since Comp. St. Okl. 1921, § 420, authorizes suits to enjoin collection of invalid taxes, a suit to cancel a judgment for taxes as invalid is a direct, and not a collateral, attack on the judgment.

**5. Courts ⬤262(4)—Injunction remedy available in state court, is available in federal court.**

A remedy by injunction available in the state courts is also available in the federal court.

**6. Judgment ⬤518—Independent bill in equity for cancellation of judgment held direct attack.**

The mere fact that a suit for cancellation of a judgment is by independent bill in equity does not prevent the attack from being a direct one.

**7. Taxation ⬤453—Person against whom tax was assessed by summary judgment of county treasurer, without notice or his knowledge, held without legal remedy, which excluded equity jurisdiction (Comp. St. Okl. 1921, § 9969).**

Comp. St. Okl. 1921, § 9969, providing that remedies by resort to boards and appeal therefrom shall be the sole remedies for correction of assessment and equalization, does not afford an adequate remedy at law, which excludes jurisdiction in equity, where an assessment was made by summary judgment of a county treasurer, of which the person taxed had no notice or knowledge, and hence no opportunity to appeal.

**8. Guardian and ward ⬤133—Default judgment will not be entered against ward on failure of guardian to plead without inquiry as to rights of ward.**

The general rule is that a judgment by default, consent, or confession will not be entered against a ward, represented by a general guardian, or against the guardian, to be satisfied out of the estate, merely by reason of the guardian's failure to plead, or his consent, admission, or confession; but careful inquiry by the court as to the rights of the minor will be made before entry of judgment.

**9. Infants ⬤110—Default judgment against minor, without previous investigation will be set aside, where rights of third parties will not be prejudiced.**

While a default judgment against a minor is not collaterally impeachable, where it is entered without previous judicial sanction or investigation, it will be set aside in proper proceedings, if rights of third parties are not thereby prejudiced.

**10. Infants ⬤111—Default judgment for taxes against complainant, in proceedings instituted during his minority and without his knowledge, held properly set aside.**

A summary judgment for taxes rendered against complainant in proceedings instituted while he was a minor, on notice to his guardian, who failed to appear but without notice to or knowledge of complainant, and without inquiry or investigation, *held* a legal fraud on his rights, and properly set aside though final judgment was not entered until he had attained his majority.

Appeal from the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Suit in equity by Dewey Hawkins against Lloyd J. Seay and others. Decree for complainant, and defendants appeal. Affirmed.

Lloyd J. Seay and W. F. Pardoe, both of Sapulpa, Okl. (Johnson & Miller, of Bristow, Okl., and Wayne H. Lasater, of Sapulpa, Okl., on the brief), for appellants.

Ernest B. Hughes, of Sapulpa, Okl. (John R. Miller, Earl Foster, and Edwin A.

Ellinghausen, all of Sapulpa, Okl., on the brief), for appellee.

Before BOOTH, Circuit Judge, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. This was a suit brought by appellee, hereafter called plaintiff, against the appellants, who were respectively delinquent tax collector, sheriff, treasurer, and tax ferret, of Creek county, Okl., to enjoin them from selling under tax warrants for delinquent personal property taxes certain real estate owned by plaintiff in that county. Jurisdiction rested on diverse citizenship and the requisite amount involved.

The controlling facts disclosed by the evidence are as follows:

Section 9798, Comp. Okl. Stat. 1921, reads:

"The board of county commissioners of any county in this state may contract with any person or persons to assist the proper officers of the county in the discovery of property not listed and assessed, as required by existing laws, and fix the compensation at not to exceed fifteen per cent. of the taxes recovered under this article. Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days' notice thereof by registered letter, addressed to him at his last known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made. An appeal may be taken to the county court for the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

Plaintiff is a Creek freedman. He attained his majority January 20, 1924. Prior to that time, and subsequent to January 29, 1923, he was under the guardianship of L. W. McEwen, duly appointed by the county court of Creek county, Okl. Shortly prior to December 4, 1923, defendant Weakley, the tax ferret, proceeding under the statute above quoted, reported to the county treasurer that he had discovered that plaintiff had been the owner of certain personal property subject to taxation, consisting of cash, as shown by his guardian's reports for the years 1917 to 1922, inclusive; that the property had not been listed and assessed for those years. Thereupon the following notice was prepared and sent by registered mail:

"Office of Treasurer of Creek County.
"James E. Payne, Treasurer, Sapulpa, Oklahoma.
"Dec. 4, 1923. 50141
"L. W. McEwen, Bristow, Okl., Gdn. of Dewey Hawkins—Dear Sir: Information has been filed in this office by R. H. Weakley, the authorized tax ferret of Creek county, that you were the owner of personal property consisting of the following:

"Cash as shown by guardian's reports, Bristow City, the fair cash value of the same being $54,404, which was subject to taxation in Creek county, Oklahoma, for the year

| 1909 $...... | 1914 $...... | 1919 $ 5,097.00 |
| 1910 $...... | 1915 $...... | 1920 $ 7,378.00 |
| 1911 $...... | 1916 $...... | 1921 $24,922.00 |
| 1912 $...... | 1917 $6,429.00 | 1922 $ 7,153.00 |
| 1913 $...... | 1918 $3,425.00 | 1923 $........ |

and not assessed and extended on the tax rolls. Before assessing and extending same on tax rolls, the law provides that you shall have ten days' notice in which you may file with this office, in writing, under oath, any objections to such listing and assessing.

"Now, therefore, as county treasurer of Creek county, Oklahoma, I will consider, as provided by law, any written statement you may submit, together with any and all other evidence concerning such valuation and assessment of the above-described property, and will take such action as the law directs in the matter.

"If no objection to the above proposed listing and assessment be made on or before the 15th day of December, 1923, the same will be extended on the tax rolls and collected as other taxes, and will be subject to the same penalties, etc., as other taxes.

"———————, County Treasurer."

The original notice which was mailed was not produced in evidence, but a carbon copy was produced, and reason was shown for not producing the original. Across the face of this notice was written, "Entered 4/15/24." It did not appear clearly by the evidence whether the original had the words "Gdn. of Dewey Hawkins" after the name of L. W. McEwen, to whom the notice was addressed. The evidence showed that the original did not contain the entry, "Entered 4/15/24." The latter entry would naturally not be on the original, as will be explained in a moment.

The testimony showed without contradiction that the notice to McEwen was received by him on the 5th of December, 1923; that there was no appearance on behalf of plaintiff on the 15th of December, 1923, the date fixed in the notice; that on April 15, 1924,

the assessment was extended on the tax rolls, and the entry, "Entered 4/15/24," was made on the notice; and that proceedings were thereafter taken for collection, as in case of other taxes.

The evidence further showed that McEwen was the legally appointed guardian of plaintiff until the 20th of January, 1924, when plaintiff became of age. On the 21st of January, 1924, plaintiff and his wife executed a trust agreement, by the terms of which all of his property with the exception of household effects, automobile, and bank account was conveyed to William Alex, Porter Mann, and Sigrid Hawkins, the wife of plaintiff, as trustees, to hold and manage and pay over the income to plaintiff and others as set forth in the trust deed. The trustees were given absolute title, charge, and control of the property, with power to sell, lease, exchange, or incumber the same, to sue, compromise, or compound any suit or demand, and to do every act and thing necessary for the care, preservation, maintenance, use, and employment of the said estate.

On the trial all questions as to the validity of assessment and levy of taxes for the year 1923 were withdrawn from the case. The character of the proceedings before the county treasurer is not in dispute. In the case of Anderson v. Ritterbusch, 22 Okl. 761, 793, 98 P. 1002, 1015, the court said: "The proceeding before the treasurer is not an action at law, nor a suit in equity, but a summary proceeding of a quasi judicial nature." Both parties in the case at bar agree that the proceeding was in the nature of a judicial or quasi judicial proceeding, and we shall so treat it.

The position of the plaintiff in the trial court was that he had never received any notice of the proceedings which resulted in the assessment and levy of taxes against him; that he had been afforded no opportunity to appear in said proceedings and contest the same; that the proceedings were arbitrary and illegal, and amounted to depriving plaintiff of his property without due process of law. The court so found, and granted a permanent injunction. Appeal was taken.

The validity of the decree is challenged by appellants on various jurisdictional and procedural grounds:

(1) Inasmuch as plaintiff included in his complaint the 1923 taxes, but afterward on the trial withdrew these from consideration, that the jurisdictional amount was thereby reduced below $3,000, and consequently the court lost jurisdiction. Such would not be the result, if it was proper, in making up the jurisdictional amount, to include, as was done in the complaint, the incidental costs and penalties in connection with the taxes for the other years. That such costs and penalties are properly so included has been held by this court in the case of Glen Inv. Co. v. Romero, 254 F. 239.

[1] (2) That plaintiff lacked capacity to bring the present suit; that up to January 20, 1924, he was under the guardianship of McEwen; that after January 21, 1924, his property was in the hands of trustees; and that the trustees were the only proper parties to bring such a suit. It is to be noted that the judgment entered by the county treasurer April 15, 1924, was for personal property taxes. It was not against the trustees, nor was it against the property conveyed to them. It was entered in a proceeding to which plaintiff, through his guardian, was a party, as we shall see later on. Furthermore, plaintiff had a direct beneficial interest in the property sought to be levied upon under the judgment. We think these facts made plaintiff such a party in interest as enabled him to maintain the suit. 30 Cyc. 45, 51.

He is the real party in interest, and as such he comes within the provision of the first clause of rule 37, New Equity Rules, "Every action shall be prosecuted in the name of the real party in interest." A similar provision in the Codes is generally construed in the same way. Pomeroy's Code Rem. (4th Ed.) sec. 76. Whether the trustees might also have maintained suit to enjoin the sale of real estate in their hands we are not called upon to decide. It is clear that they alone could not have maintained suit to cancel the judgment against plaintiff, or to enjoin its enforcement, except as against the land held by them.

[2] (3) That the suit is really one against the state, and cannot for that reason be maintained. The answer to this contention is that the suit is not one against the state, but against officers of the state, who, it is alleged, have proceeded contrary to law in levying upon plaintiff's property, and therefore are subject to suit the same as any other person. Such suits are frequently authorized and are not uncommon. See sections 405, 420, Comp. Okl. Stat., 1921. See, also, Bardrick v. Dillon, 7 Okl. 535, 54 P. 785; St. L. & S. F. Ry. Co. v. Haworth, 48 Okl. 132, 149 P. 1086; Mulligan, Co. Tr., v. Johnson, 77 Okl. 68, 186 P. 242. It has been held many times that such suits are not suits against the state. Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Phil-

adelphia Co. v. Stimson, 223 U. S. 605, 619, 32 S. Ct. 340, 56 L. Ed. 570; Home Tel. Co. v. Los Angeles, 227 U. S. 278, 293, 33 S. Ct. 312, 57 L. Ed. 510; Hill v. Wallace, 259 U. S. 44, 62, 42 S. Ct. 453, 66 L. Ed. 822; Weyman-Bruton Co. v. Ladd, 231 F. 898 (C. C. A. 8); Weiland v. Pioneer Irr. Co., 238 F. 519 (C. C. A. 8); Benedicto v. Porto Rican, etc., Co. (C. C. A.) 256 F. 422; Strain v. U. S. F. & G. Co., 292 F. 694 (C. C. A. 8).

[3] (4) That the suit seeks to enjoin proceedings in a state court, and that such a suit cannot be maintained by reason of the prohibition contained in section 265 of the Judicial Code (Comp. St. § 1242). That section does not prevent a federal court enjoining the enforcement of a judgment, though the judgment is one entered in a state court, provided a proper showing is made. Simon v. Railway, 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492; Public Service Co. v. Corboy, 250 U. S. 153, 39 S. Ct. 440, 63 L. Ed. 905; C. R. I. & P. Ry. Co. v. Callicotte, 267 F. 799, 16 A. L. R. 386 (C. C. A. 8); Fetzer v. Johnson, 15 F.(2d) 145 (C. C. A. 8). The distinction is clearly stated in Essanay Film Mfg. Co. v. Kane, 258 U. S. 358, 42 S. Ct. 318, 66 L. Ed. 658.

[4] (5) That the present suit cannot be maintained because the judgment of April 15, 1924, is not subject to collateral attack. It is not always easy to determine whether an attack upon a judgment is direct or collateral, but in determining the question various matters must be considered; among them, the real, expressed purpose of the suit constituting the attack. If that purpose is to cancel and set aside the judgment attacked, that of itself is strongly persuasive that the attack is direct. Freeman on Judgments (5th Ed.) sec. 306; Powell, Garard & Co. v. Erath Co., Tex. (C. C. A.) 274 F. 305; Gray County, Tex., v. Hamer (C. C. A.) 277 F. 155; Mastin v. Gray, 19 Kan. 458, 27 Am. Rep. 149; Crosbie v. Brewer, 68 Okl. 16, 158 P. 388, 173 P. 441; Richardson v. Carr, 68 Okl. 46, 171 P. 476.

In the case at bar the real purpose of the suit is clear. In the bill the judgment is attacked as invalid; and the prayer for relief asks, not only that the defendants be restrained from levying on plaintiff's property and selling the same, but that the judgment be set aside and held for naught. Another of the matters to be considered is whether the law of the jurisdiction authorizes the particular form of attack adopted. If it does, then the attack is generally held direct. Freeman on Judgments (5th Ed.) § 306.

In the case at bar the law of the jurisdiction authorized suits to enjoin the collection of invalid taxes. See sections 405, 420, Comp. Okl. Stat., 1921. Section 420 provides: "An injunction may be granted to enjoin the enforcement of a void judgment, the illegal levy of any tax, charge or assessment, or the collection of any illegal tax, charge or assessment, or any proceeding to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied may unite in the petition filed to obtain such injunction." See, also, St. L. & S. F. R. Co. v. Haworth, supra; Bardrick v. Dillon, supra; Mulligan, Co. Tr., v. Johnson, supra.

[5] The remedy by injunction, being available in the state courts, was also available in the federal court. National Surety Co. v. State Bank, 120 F. 593 (C. C. A. 8). Further, the present suit is not brought against strangers to the former proceeding, in which the judgment was entered, but all of the officials who were instrumental in obtaining the judgment are made parties to the present suit.

[6] The mere fact that the present suit is by independent bill in equity does not prevent the attack from being a direct one. Freeman on Judgments (5th Ed.) § 308; Gray County, Tex., v. Hamer, supra; Follette v. Pac. Light, etc., Corp., 189 Cal. 193, 208 P. 295, 23 A. L. R. 965. Our conclusion is that the present suit is a direct, and not a collateral, attack upon the judgment of April 15, 1924.

[7] (6) That there was an adequate remedy at law under sections 9969, 9971, Comp. Okl. Stat. 1921. These sections read as follows:

"9969. This act shall be construed to give remedies and rights in addition to those of appeal heretofore given by statute, but the remedies of resort to the boards and appeal therefrom shall be the sole remedies for the correction of assessment or equalization."

"9971. In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them. It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him, for a period of thirty days and if within such time summons shall be served upon such officer in a suit for recovery of such

taxes, the officer shall further hold such taxes until the final determination of such suit. All such suits shall be brought in the court having jurisdiction thereof, and they shall have precedence therein; if, upon final determination of any such suit, the court shall determine that the taxes ·were illegally collected, as not being due the state, county or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes due by such person, and shall issue such order in accordance with the court's findings, and if such order shows· that the taxes so paid are in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess and shall take his receipt therefor."

This statute is by its language confined in· its operation to cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal. Clearly the case at bar is not within the statute, for the reason that there was an appeal provided which could be taken from the judgment of the county treasurer. The appeal was not taken, however, because plaintiff had no notice or knowledge of the judgment. Further, the statute in our opinion does not apply to tax ferret cases of the character of the one at bar, for the plaintiff had no opportunity to pay the taxes "at the time and in the manner provided by law," since they became due and payable at once upon the entry of judgment by the county treasurer, of which plaintiff knew nothing. Under the peculiar circumstances which existed, ·we think the plaintiff had no adequate remedy at law.

Turning to the merits: Plaintiff seeks·to enjoin the enforcement of the judgment of April· 15, 1924, and to set the judgment aside, on the grounds that the notice by the county treasurer set out above was insufficient and not properly served; that plaintiff was a minor and was afforded no opportunity to appear and be heard in regard to the assessment and listing of the property for taxation; that the guardian·of plaintiff made no appearance in the proceeding, but allowed the matter to go by default; that the guardian's ·term expired, and shortly thereafter the judgment was entered, but without notice to plaintiff· or knowledge on his part; that he knew nothing of the proceeding until the issue of warrants directing levy upon and sale of his estate to satisfy the judgment; that he had no such amount of property subject to ·taxation during the years mentioned as was assessed and listed by the county treasurer; . that he has acted with diligence in

bringing the present suit after learning of the proceedings and the judgment against him.

The tax ferret statute (section 9798, Comp. Okl. Stat. 1921), under which the tax proceedings were had, provides that before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same 10 days' notice thereof by registered letter addressed to him at his last known place of residence, fixing the time and place when objection in writing to such proposed listing and assessment may be made.

The evidence clearly shows that the original notice was sent by registered mail to L. W. McEwen, duly appointed guardian of plaintiff, and that it in fact was received by him on December 5, 1923; that the notice informed McEwen that 10 days were allowed him in which to file objection to the proposed listing and assessment; and that, if no objection was filed on or before December 15, 1923, the listing and assessment would be extended on the tax rolls and collection would be made as in case of other taxes. We think it is clear that, under the decision of the Supreme Court of Oklahoma in the case of Van Hoozer v. Myers, County Treasurer, 98 Okl. 243, 224 P. 977, the notice itself and the service on the guardian, McEwen, were sufficient to give jurisdiction over plaintiff, then a minor.

The evidence further shows, however, that McEwen, the guardian, after receiving the notice, examined the figures as to the property discovered, and advised·the tax ferret that he found them to be correct; that McEwen filed no objection with the county treasurer; that he did not appear at the county treasurer's office on December· 15, 1923, or at all, in connection with the matter. The court below stated on the trial that he took judicial notice of records of·proceedings in his court, which showed unfaithfulness and dereliction of duty on the part of this guardian in respect to the estate of plaintiff and the taxes thereon. There was no attempt to deny or explain this conduct of the guardian.

The evidence further shows that on January 20, 1924, plaintiff became of age and the guardianship of McEwen ended; that on the next day plaintiff conveyed his property to trustees to manage and pay the income to specified persons, including himself; that when the warrants were issued in October or November, 1925, notice was sent by the county sheriff to McEwen, who was not then guardian; that McEwen thereupon notified one of plaintiff's trustees of the warrant;

that the present suit was commenced December 17, 1925.

[8, 9] Was the judgment of April 15, 1924, authorized? The general rule is that a judgment by default, consent, or confession will not be entered against a ward represented by general guardian, or against the guardian to be satisfied out of the estate, merely by reason of the guardian's failure to plead, or his consent, admission or confession; but careful inquiry by the court as to the rights of the minor will be made before entry of judgment. 28 C. J. p. 1269, § 459; Freeman on Judgments (5th Ed.) § 1347; Richards v. Richards, 17 Ind. 636; Funk v. Funk, 130 Ky. 354, 113 S. W. 419; Aiken v. Gatlin, 48 La. Ann. 877, 19 So. 929. While a consent or default judgment against an infant is not collaterally impeachable (Freeman on Judgments, supra; Thompson v. Maxwell Land Grant Co., 168 U. S. 451, 462, 18 S. Ct. 121, 42 L. Ed. 539; In re Moore, 209 U. S. 490, 497, 28 S. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Glover v. Bradley [C. C. A.] 233 F. 721; Dickson v. Neal, 2 F.(2d) 533 [C. C. A. 8]), yet, where such a consent or default judgment is entered without previous judicial sanction or investigation, it will be set aside upon proper showing in proper proceedings if the rights of third parties under it are not thereby prejudiced (Freeman on Judgments [5th Ed.] § 1347; Allison v. Drake, 145 Ill. 500, 517, 32 N. E. 537). See, also, Carroll v. Atlantic Steel Co., 151 Ga. 378, 106 S. E. 908, 15 A. L. R. 660.

[10] In the case at bar the default which enabled the county treasurer to enter judgment occurred December 15, 1923. This default occurred with the consent of an unfaithful guardian, but without knowledge of plaintiff. It is true the judgment was not entered until April 15, 1924, and that at that time plaintiff was of age, but the judgment was entered by virtue of the default which had occurred in the proceeding against plaintiff as a minor. No new notice was given him, and he had no knowledge of the proceeding. No judicial investigation was had, and no evidence taken prior to the entry of the judgment. We think the judgment entered under such circumstances stood on the same basis as if entered while plaintiff was a minor.

The action of the guardian, McEwen, in making no defense to the tax proceeding, and the action of the taxing officials in taking a default judgment against plaintiff in a proceeding against him as a minor, without investigation or inquiry, amounted to a legal fraud on the rights of the plaintiff. No rights of third parties have intervened; no question of laches is in the case. We think the enforcement of the judgment, in view of all the facts and circumstances, would be contrary to recognized principles of equity, and the standards of good conscience, as declared by many decisions of the federal courts. Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 S. Ct. 93, 65 L. Ed. 205; Johnson v. Waters, 111 U. S. 640, 4 S. Ct. 619, 28 L. Ed. 547; Arrowsmith v. Gleason, 129 U. S. 86, 9 S. Ct. 237, 32 L. Ed. 630; Marshall v Holmes, 141 U. S. 589, 12 S. Ct. 62, 35 L. Ed. 870; Robb v. Vos, 155 U. S. 13, 38, 15 S. Ct. 4, 39 L. Ed. 52; McDaniel v. Traylor, 196 U. S. 415, 25 S. Ct. 369, 49 L. Ed. 533; De Forest v. Thompson (C. C.) 40 F. 375; Northern Pacific Ry. Co. v. Kurtzman (C. C.) 82 F. 241; National Surety Co. v. State Bank, 120 F. 593, 598, 600, 61 L. R. A. 394 (C. C. A. 8); Williams v. Neely, 134 F. 1, 69 L. R. A. 232 (C. C. A. 8); McFarland v. Curtin (C. C. A.) 233 F. 728, 732; Barnett v. Kunkel, 259 F. 394, 400 (C. C. A. 8); Bruce v. Bruce (C. C. A.) 263 F. 36.

The court below was fully justified in granting relief by way of injunction against the enforcement of the judgment. Inasmuch as the county treasurer has acted in the matter in a judicial or quasi judicial capacity only, and inasmuch as the case is not one in which an injunction may issue from a federal court to a court of a state, the decree entered in the trial court will be modified by eliminating the county treasurer therefrom, and, as so modified, the decree is affirmed.