# PUBLIC SERVICE COMPANY OF NORTHERN ILLINOIS *v.* CORBOY, DRAINAGE COMMISSIONER OF THE CALUMET DITCH.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.

No. 258.    Argued March 20, 1919.—Decided June 2, 1919.

The District Court has jurisdiction over a suit to enjoin a state officer, acting under color of his official authority, from executing a state law in alleged violation of constitutional rights, even though such injunction may, in effect, render the law inoperative until the constitutional question has been judicially determined.  P. 159.

Section 265 of the Judicial Code, forbidding the granting of injunctions by courts of the United States to stay proceedings in any state court, except when authorized in bankruptcy cases, refers only to proceedings in which a final judgment or order has not been entered and in which the power exerted is judicial as distinguished by the Constitution from powers legislative and executive.  *Id.*

Where a state law empowers a court, on petition made and on notice to property owners, to establish drainage districts, assess benefits, and appoint commissioners to carry on the work under the court's supervision, a suit in the District Court by a resident of another State, not a party to such a proceeding, to enjoin the commissioner so appointed from constructing a ditch so authorized upon the ground that it would impair plaintiff's constitutional rights in a stream in its State of residence without due process of law is not inhibited by Jud. Code, § 265.  *Id.*

Questions of comity and of the sufficiency of the plaintiff's averments to justify relief are not before this court on a direct appeal involving only the jurisdiction of the District Court.  P. 162.

Reversed.

THE case is stated in the opinion.

*Mr. Buell McKeever*, with whom *Mr. Charles W. Smith, Mr. Gilbert E. Porter* and *Mr. William G. Beale* were on the briefs, for appellant:

The sole question for the consideration of this court is one of jurisdiction. Jud. Code, § 238; *Mexican Central Ry. Co. v. Eckman,* 187 U. S. 429, 432; *Venner v. Great Northern Ry. Co.,* 209 U. S. 24, 30; *Simon v. Southern Ry. Co.,* 236 U. S. 115, 121.

The construction of the ditch, whether considered an act of the circuit court of Porter County or an act of the drainage commissioner as an agent of the State, is not a judicial proceeding within the meaning of § 265, but merely a legislative, executive or administrative act, and as such may be enjoined by a federal court.

The distinction between proceedings judicial and proceedings legislative, executive or administrative, although taking place in a body which in its principal aspect is a court, has been repeatedly recognized by this court in construing § 265. Proceedings which are legislative, executive or administrative in character, although taken in a state court, may be enjoined by a federal court. *Prentis v. Atlantic Coast Line Co.,* 211 U. S. 210, 225–7; *Mississippi Railroad Commission v. Illinois Central R. R. Co.,* 203 U. S. 335, 341; *Louisville & Nashville R. R. Co. v. Garrett,* 231 U. S. 298; *Southern Ry. Co. v. Greensboro Ice & Coal Co.,* 134 Fed. Rep. 82, 94; affd. in *McNeill v. Southern Ry. Co.,* 202 U. S. 543; *Crapo v. Hazelgreen,* 93 Fed. Rep. 316; *Delaware, Lackawanna & Western R. R. Co. v. Stevens,* 172 Fed. Rep. 595, 608–610; *Western Union Telegraph Co. v. Myatt,* 98 Fed. Rep. 335, 342, 346–347, 355, 360–361; *Weil v. Calhoun,* 25 Fed. Rep. 865, 870–871.

After the entry of the final decree of the state court establishing the ditch, confirming the assessments and assigning the construction of the ditch to a drainage commissioner, the proceedings passed beyond the control of the original petitioning land owners, who thereafter had no right or authority either to dismiss the petition or abandon the proposed improvements. Appellee then stood for and represented such land owners. Any collat-

eral attack thereafter upon the ditch proceeding may not be brought against the original petitioners but must be brought against such commissioner. *Board of Commissioners* v. *Jarnecke,* 164 Indiana, 658; *Furness* v. *Brummitt,* 48 Ind. App. 442; *Carter* v. *Buller,* 159 Indiana, 52.

The drainage proceeding was in fact a suit of a private character for the special benefit of the owners of the lands proposed to be drained, who are now represented by appellee. Although appellant because of the state practice may not directly enjoin such owners from obtaining the benefit of the decree establishing the ditch, nevertheless, it should not for that reason be deprived of all relief in a federal court. Since appellee stood for and represented the owners of the lands proposed to be drained, appellant's bill against him was in substance and effect merely a bill to enjoin him from obtaining for such owners the benefit of a decree affecting the property of appellant, which was void as against appellant for want of jurisdiction, and the District Court should have retained jurisdiction of the bill. *Simon* v. *Southern Ry. Co., supra; Hunt* v. *New York Cotton Exchange,* 205 U. S. 322; *Colorado Eastern Ry. Co.* v. *Chicago, Burlington & Quincy Ry. Co.,* 141 Fed. Rep. 898; *Marshall* v. *Holmes,* 141 U. S. 589, 596–600; *Smyth* v. *Ames,* 169 U. S. 466, 516; *Arrowsmith* v. *Gleason,* 129 U. S. 86, 98–101.

*Mr. John H. Gillett* and *Mr. Frank B. Pattee,* with whom *Mr. Randall W. Burns* was on the brief, for appellee:

The attempt to restrain the drainage commissioner is in effect the same as an attempt to restrain the proceedings. *Dietzsch* v. *Huidekoper,* 103 U. S. 494; *French* v. *Hay,* 22 Wall. 250; *Western Union Telegraph Co.* v. *Louisville &c. R. Co.,* 218 Fed. Rep. 628; *Union Pacific Co.* v. *Flynn,* 180 Fed. Rep. 565; *Rensselaer &c. R. Co.* v. *Bennington &c. R. Co.,* 18 Fed. Rep. 617; *Hyattsville &c. Assn.* v. *Bouic,* 44 App. D. C. 408.

The provisions of § 265 of the Judicial Code extend to the entire proceedings, from the commencement of the suit until the decree is performed. *Sargent* v. *Helton*, 115 U. S. 348; *Chapman* v. *Brewer*, 114 U. S. 158; *Wayman* v. *Southard*, 10 Wheat. 1; *Leathe* v. *Thomas*, 97 Fed. Rep. 136; *Fenwick Hall Co.* v. *Old Saybrook*, 66 Fed. Rep. 389; *Amusement &c. Co.* v. *El Paso &c. Co.*, 251 Fed. Rep. 345.

Section 265 inhibits the granting of an injunction against proceedings in a state court even where the jurisdiction is attacked. *American Assn.* v. *Hurst*, 59 Fed. Rep. 1; *Mills* v. *Provident &c. Co.*, 100 Fed. Rep. 344; *Phelps* v. *Mutual Reserve Fund Life Assn.*, 112 Fed. Rep. 453; affd. 190 U. S. 159.

It is not material that the bill seeks to present a constitutional question. *Aultman & Taylor Co.* v. *Brumfield*, 102 Fed. Rep. 7, 11.

The subject-matter was in the possession, actual or constructive, of appellee, as commissioner, who was to all intents and purposes a receiver, and, therefore, the property was *in custodia legis*, and not subject to the writs of other courts. *Wiswall* v. *Sampson*, 14 How. 52, 65; *Palmer* v. *Texas*, 212 U. S. 118.

The mere fact that a stranger may be prejudiced by the proceeding, the defect not appearing on the face of the record, does not render the judgment void.

Even after the rendition of the decree establishing the drain and ordering the work constructed, the cause continued to pend in the state court, to all intents and purposes as in the case of a receivership, with power on the part of the court not only to enforce the direct provisions of the statute concerning the duties of the commissioner, but with power to meet any situation which might develop in the course of the construction of the drain. *Mak-Saw-Ba Club* v. *O.ffin*, 169 Indiana, 204; *Rogers* v. *Voorhees*, 124 Indiana, 469; *Murray* v. *Gault*, 179 Indiana, 658; *Steele* v. *Hanna* 117 Indiana, 333; *Karr* v. *Board*, 170 Indiana, 571.

The proceeding was not legislative, since it involved the awarding of rights granted by existing laws. If the legislature sees fit to make provision for the determination by a judicial tribunal of the right to the relief provided for by the statute, after an inquiry involving the determination of questions of law and fact, had after the manner of the common law, such proceedings are judicial, and the proceedings constitute a suit in the state court, concerning which the District Court of the United States cannot interfere from the time that the petition is filed until the drain is constructed and the commissioner discharged. *Boom Co.* v. *Patterson,* 98 U. S. 403; *Union Pacific R. Co.* v. *Myers,* 115 U. S. 1; *County of Upshur* v. *Rich,* 135 U. S. 467; *In re The Jarnecke Ditch,* 69 Fed. Rep. 161.

Mr. Chief Justice White delivered the opinion of the court.

An "Act concerning drainage," passed in Indiana in 1907, briefly outlined is as follows: (1) It authorized the appointment by the county commissioners of each county of an officer called a drainage commissioner and made the county surveyor also ex officio such an officer. (2) It empowered a defined circuit court, on the petition of private land owners or of municipal or other public bodies representing public ownership, to establish a drainage district and to authorize the carrying out in such district of the work petitioned for, and gave the court authority to appoint an additional drainage commissioner, the three being directed to aid the court to the extent by it desired in securing data concerning the questions required to be passed upon in disposing of the petition. (3) To accomplish the purposes of the statute, personal notice to known property holders and notice by publication to those unknown was exacted, and the court was empowered to reject the whole suggested scheme or to authorize such part

of it as might be deemed best, or to devise and sanction a new plan. (4) As to any plan which it authorized, the court was empowered to provide for the cost of the work by distributing the amount upon the basis of the benefits to be received and the burdens to result to each land owner. (5) It authorized the designation by the court of one of the drainage commissioners, or if it deemed best, of any other resident of the district, to carry into execution under the general supervision of the court any work authorized, with power to contract and subject to accountability to the court as the work progressed and at its conclusion.

The Little Calumet River, rising in the State of Indiana, flows in a westerly direction across Porter and Lake Counties in that State into Cook County, Illinois, within whose boundaries it commingles with the Grand Calumet which empties into Lake Michigan.

After proceedings under the statute, the circuit court of Porter County, in May, 1911, established a drainage district in Porter and Lake Counties and authorized the construction of a ditch to proceed from the Little Calumet River in a northerly direction to Lake Michigan. This action of the court was taken to the Supreme Court of Indiana and there affirmed (182 Indiana, 178), and on error from this court was also affirmed (242 U. S. 375).

Before work on the ditch was commenced, however, the appellant, an Illinois corporation which was not a party to the proceedings to establish the district, brought this suit against Corboy, the drainage commissioner appointed by the court to do the work, to enjoin the execution of the same. The relief prayed was based on the ground that the effect of the ditch would be to draw off from the Little Calumet River, an interstate stream, such a quantity of water as to seriously diminish the flow in that river and thereby practically cripple, if not destroy,

the capacity of petitioner to continue to operate a plant
for the production of electrical energy established and
owned by it on the banks of the Little Calumet in Cook
County, Illinois. It was alleged that the right to have
the river flow in its normal volume was a property right
enjoyed by petitioner under the law of Illinois, protected
by the constitutions both of the State and of the United
States, and which therefore could not be impaired or taken
away without depriving the petitioner of property in vio-
lation of due process of law as afforded by both constitu-
tions. The court, being of opinion that the relief prayed
was prohibited by § 265 of the Judicial Code, dismissed
the bill for want of jurisdiction. The case is here by direct
appeal on that question alone.

Although a State may not be sued without its consent,
nevertheless a state officer acting under color of his official
authority may be enjoined from carrying into effect a
state law asserted to be repugnant to the Constitution
of the United States even though such injunction may
cause the state law to remain inoperative until the con-
stitutional question is judicially determined. The doctrine
is elementary, but we refer to a few of the leading cases
by which it is sustained: *Pennoyer* v. *McConnaughy*, 140
U. S. 1, 9; *Reagan* v. *Farmers' Loan & Trust Co.*, 154 U. S.
362, 392; *Ex parte Young*, 209 U. S. 123, 152; *Prentis* v.
*Atlantic Coast Line Co.*, 211 U. S. 210, 230; *Home Tele-
phone & Telegraph Co.* v. *Los Angeles*, 227 U. S. 278;
*Greene* v. *Louisville & Interurban R. R. Co.*, 244 U. S.
499, 506.

There was jurisdiction therefore in the court below as
a federal court to afford appropriate relief unless the want
of power resulted from the prohibition of § 265 of the
Judicial Code, which is as follows:

"The writ of injunction shall not be granted by any
court of the United States to stay proceedings in any
court of a State except in cases where such injunction

may be authorized by any law relating to proceedings in
bankruptcy."

In *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210,
the facts, briefly stated, were these: By the constitution
and laws of Virginia the Corporation Commission of that
State was constituted a court and was authorized in that
capacity to establish railroad rates and to enforce them.
The authority thus conferred was exerted and the juris-
diction of a court of the United States was invoked to
enjoin the Commission from enforcing the rates so fixed
on the ground that to put them in operation would amount
to a confiscation of the property of the railroad and hence
would be repugnant to the Constitution of the United
States. The power to afford relief was challenged on the
ground that as the Corporation Commission was a court
under the constitution and law of the State, its proceedings
could not be stayed by a court of the United States be-
cause of the prohibition of § 265 of the Judicial Code.
It was held, however, that as the power to fix rates was
legislative and not judicial, the prohibition had no applica-
tion and the injunction prayed was granted.

In *Simon* v. *Southern Ry. Co.*, 236 U. S. 115, suit was
brought in a court of the United States by the Railway
Company against Simon to enjoin the enforcement of a
judgment which had been rendered in a state court in
favor of Simon and against the Railway Company on the
ground of want of notice and fraud. Asserting that to
grant the relief would be to stay proceedings in the state
court, the jurisdiction was disputed, based upon the pro-
hibition of the section previously quoted. The jurisdiction
was upheld and it was decided that although the prohibi-
tion might have prevented the granting of an injunction
staying proceedings before the judgment was rendered,
it did not so operate after the entry of the final judgment
because "when the litigation has ended and a final judg-
ment has been obtained—and when the plaintiff endeavors

to use such judgment—a new state of facts, not within the language of the statute may arise." The execution of the judgment was therefore enjoined.

This conclusion was sustained by the text as elucidated by the purely remedial purposes intended to be accomplished by its enactment. The court thus stated the origin of the statute as illustrative of its remedial scope (pp. 123–4):

"In 1793, when that statute was adopted (1 Stat. 334), courts of equity had a well-recognized power to issue writs of injunction to stay proceedings pending in court,—in order to avoid a multiplicity of suits, to enable the defendant to avail himself of equitable defenses and the like. It was also true that the courts of equity of one State or country could enjoin its own citizens from prosecuting suits in another State or country. *Cole v. Cunningham*, 133 U. S. 107. This, of course, often gave rise to irritating controversies between the courts themselves which could, and sometimes did, issue contradictory injunctions.

"On principles of comity and to avoid such inevitable conflicts the act of 1793 was passed."

Be this as it may, it is certain that the prohibitions which the statute imposes secure only the right of state courts to exert their judicial power; that is, a power called into play alone between parties to a controversy, and the operation of which power when exerted was, from the very fact that it was judicial, confined to the parties, their duties, interests and property, in other words, to a power falling within the general limitation of things judicial as demarked by the great distinction between legislative, executive and judicial power upon which the Constitution was framed. This is the necessary result of the ruling in the *Prentis Case*, by which it is made certain that although a State may have power to confer upon its courts such authority as may be deemed appropriate, it cannot by

the exertion of such right draw into the judicial sphere powers which are intrinsically legislative and executive or both, and thus bring the exercise of such powers within the scope of the prohibition of the statute, with the result of depriving the courts of the United States to that extent of their omnipresent authority to enforce the Constitution.

It follows necessarily, therefore, that although the Constitution did not limit the power of the States to create courts and to confer upon them such authority as might be deemed best for state purposes, that right could not, by its exertion, restrain or limit the power of the courts of the United States by bringing within the state judicial authority subjects which in their constitutional sense were non-judicial in character and therefore not within the implied or express limitation by which courts of the United States were restrained from staying judicial proceedings in state courts. To hold to the contrary would be in large measure to recognize that the exertion of the authority of the courts of the United States was dependent, not upon the nature and character of the subject-matter with which they are called upon to deal, but merely upon a state classification.

This conclusion renders it unnecessary to consider whether the construction of the ditch under the authority of the state statute, isolatedly considered, could be regarded as a judicial proceeding within the meaning of the statute, or whether, putting that view aside under the assumption that the proceedings were judicial, the order for construction could be treated as final and for that reason alone capable of being stayed, within the ruling of *Simon* v. *Southern Ry. Co.*

The arguments at bar pressed upon our attention considerations based upon the assumed application of general principles of comity, but as on this direct appeal we have power alone to consider questions of the jurisdiction of the court below as a federal court, they are not open to our

consideration. *Louisville Trust Co.* v. *Knott,* 191 U. S. 225. This moreover puts out of view the argument advanced concerning the adequacy of the averments of the bill to justify relief, since that subject necessarily, for the reasons stated, must be left to the consideration of the court below when it exercises jurisdiction of the cause.

Our order, therefore, is that the decree be reversed and the case be remanded for further proceedings in conformity with this opinion.

*Reversed.*