## MASSACHUSETTS PROTECTIVE ASS'N, Inc., v. KITTLES.

(Circuit Court of Appeals, Fifth Circuit. October 31, 1924.)

No. 4277.

1. Courts ⬤⟹328(2) — Amount involved held within jurisdiction of court.

Suit by insurer to cancel health and accident policy for $5,000, and recover $1,400 paid under it, and defeat additional claims which, pending suit, amounted to more than $1,600, held to involve sum in excess of $3,000, and within jurisdiction of District Court.

2. Cancellation of instruments ⬤⟹14—Insurer held without adequate remedy at law, precluding suit to cancel policy and recover payments; "specialty."

Insurance policy under seal constituted a "specialty," under Civ. Code Ga. 1910, §§ 4219, 4359, such that there could be no recovery of money paid under it, on ground of false representations, as long as it remained uncanceled, and suit to cancel and to recover such payment was not barred on ground that complainant had adequate and complete remedy at law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Specialty.]

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Suit by the Massachusetts Protective Association, Inc., against William H. Kittles. From decree of dismissal (295 F. 572), plaintiff appeals. Reversed.

A. A. Lawrence and E. H. Abrahams, both of Savannah, Ga. (F. H. Nash, of Boston, Mass., and A. A. Lawrence and E. H. Abrahams, both of Savannah, Ga., on the brief), for appellant.

A. B. Lovett, of Savannah, Ga. (H. S. White, of Sylvania, Ga., and A. B. Lovett and Hitch, Denmark & Lovett, all of Savannah, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. Averments of the bill in equity filed in the court below in September, 1923, by the appellant, a Massachusetts corporation, against the appellee, a citizen of Georgia, showed the following:

On May 16, 1921, appellant issued its health and accident policy to the appellee, pursuant to an application made by the latter, the application providing that the policy issued thereon should be based upon questions and answers therein. The appellee, by his answers to questions in the application, represented that he never had an application for accident, health, or life insurance declined, and that he was in sound health and bodily condition when he made the application and answered the questions contained therein. The policy provided that the principal sum under it is $5,000, and clause A thereof provided for the payment of $50 per week in case of total disability of the insured from accident or disease. The policy contained the following provision:

"If total disability resulting from disease and arising thereunder prior to the insured's sixtieth birthday continues beyond the sixty weeks described in clause 1 of the attached policy, the weekly indemnity provided for by clause A of said policy shall continue to be payable to the insured so long as he thereafter lives and is continuously totally disabled and necessarily confined within the house under the care of a licensed physician."

In August, 1922, appellee made a claim for total disability resulting from disease beginning in that month. Based on that claim, appellant made payments aggregating $1,400. Shortly after making the last of such payments appellant learned that appellee's disability was caused by a disease which originated prior to the date of the policy, that appellee was not in sound health when he made said application, and that a previous application by him for life insurance had been declined. Promptly after such discovery appellant tendered to appellee the entire amount paid by him in premiums, with interest thereon, and demanded the return of the policy for cancellation, and the repayment of the $1,400, with interest. The concluding words of the policy, omitting signatures, were the following:

"In witness whereof, the Massachusetts Protective Association, Incorporated, has caused this policy to be signed by its president and secretary and its seal to be hereto attached, this sixteenth day of May, one thousand nine hundred and twenty-one, at twelve o'clock noon."

The court sustained appellee's motion to dismiss the bill on the following grounds: (1) There is no equity in said bill. (2) It

affirmatively appears from the averments in the bill that a plain, adequate, and complete remedy may be had at. law by the complainant. (3) It appears on the face of the bill that this case does not really and substantially involve a dispute or controversy properly within the jurisdiction of this court, in that the amount or value of the subject matter in dispute, as appears from the bill, does not exceed the sum of $3,000, exclusive of interest and costs." The appeal is from the decree to that effect.

[1] The purpose of the bill included the enforcement of appellant's right to recover the $1,400 paid to appellee, with interest thereon, the defeat of the claim by the appellee of $1,400, the amount of weekly installments which accrued under his claim between the date of appellant's stopping payment and the date of the filing of the bill, and the denial of appellee's asserted right to subsequently accruing weekly payments or to the amount payable under the policy in the event of accidental bodily injury. At this time the sum sought to be recovered and the sums which have accrued weekly under appellee's claim since payment was stopped amount in the aggregate to more than $3,000, exclusive of interest and costs.

The bill contains no averment requiring the inference that appellee's disability was such as to make it probable that he would die before more than $1,600 in weekly payments would accrue under his claim, under which he received $1,400 before the suit was brought. That such an inference would have been unwarranted is persuasively indicated by the fact that the appellee is now alive and appearing in this court by his counsel after considerably more than $1,600 has accrued under his claim which is contested by this suit. As the maintenance of the rights asserted by the bill would involve the recovery by the appellant of the principal sum of $1,400, the defeat of asserted claims against· it for sums amounting, exclusive of interest and costs, to considerably more than $1,600, and exemption of the appellant from a contingent liability for amounts in excess of $5,000, the matter in controversy must be regarded as exceeding, exclusive of interest and costs, the sum or value of $3,000. Berryman v. Whitman College, 222 U. S. 334, 32 S. Ct. 147, 56 L. Ed. 225. The bill was not subject to be dismissed on the ground that its averments failed to show that the suit involved the amount required to give the court jurisdiction.

[2] The policy was under the appellant's

seal, and its concluding paragraph shows that it was intended to· be a sealed instrument. This made it a specialty. Code Georgia, §§ 4219, 4359. This being so, the asserted right to recover the $1,400 already. paid on the ground of false representations could not be enforced, so long as the policy was outstanding and uncanceled. Resort to a court of equity was required to· obtain such· cancellation. Hartshorn v. Day, 19 How. 211, 15 L. Ed. 605; Hogg v. Maxwell, 218 F. 356, 134 C. C. A. 164. Appellant's remedy at law was not plain, adequate, and complete, as a right disclosed by the averments of the bill could not be enforced without a resort to a court of equity.

· The court erred in dismissing the bill. The decree to that effect is reversed.