## BABCOCK et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 9, 1925.)

No. 3633.

1. **Courts** ⨀⟿508(2)—**District Court has authority to grant injunction preventing digging drainage ditch across post road built with federal aid.**

Granting of order by District Court, restraining digging authorized by state laws of drainage ditch across post road paved with federal aid, followed by injunction, *held* not violation of Judicial Code, § 265 (Comp. St. § 1242).

2. **Highways** ⨀⟿155—**United States has interest in highway built with federal aid, entitling it to maintain action to enjoin digging drainage ditch across road.**

United States has interest in highway partially built with federal aid, entitling it to maintain action for injunction to prevent digging drainage ditch across highway.

3. **Courts** ⨀⟿508(2)—**United States may proceed in equity for injunction restraining diging of drainage ditch across highway built with federal aid.**

United States may proceed in equity to procure injunction restraining digging of drainage ditch authorized under laws of state, which. was about to cut channel through highway built with federal aid.

4. **Highways** ⨀⟿159(2)—**Permanent injunction against digging of drainage ditch across highway modified, to continue in force only until arrangements for bridge are made.**

Permanent injunction against lawful construction of drainage ditch across highway will be modified, so that it shall continue in force until such time only as District Court shall be advised and find that satisfactory arrangements have been made to construct permanent bridge.

Appeal from the District Court of the United States for the District of Indiana.

Suit by the United States for injunction against J. P. Babcock, doing business un-

der name and style of J. P. Babcock Construction Company, and others. From an order granting an injunction (6 F.[2d] 160), defendants appeal. Reversed, for modification.

F. B. Shoaff and E. G. Hoffman, both of Ft. Wayne, Ind., for appellants.

Albert Ward, of Peru, Ind., for the United States.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Plaintiffs in error, digging a drainage ditch, authorized under the laws of the state of Indiana, were about to cut a channel, 30 feet wide and 14 feet deep, through the Lincoln Highway, a post road, partially built and then recently paved by federal aid, when, at the suit of the United States, a restraining order was granted, followed by the injunction here in question. The contract required plaintiffs in error to erect a wooden bridge, which was only temporary, across the channel on one side of the Lincoln Highway. So far as plaintiffs in error are concerned, that channel through the Lincoln Highway was and is to remain open forever, and neither the state nor any other authority has taken any step to provide a permanent bridge.

Two contentions are made by plaintiffs in error: (a) That the granting of the restraining order and the injunction violated section 265 of the Judicial Code (Comp. St. § 1242); (b) that the United States has no interest in the highway that entitles it to maintain this action.

[1] The first contention is answered by Public Service Co. v. Corboy, 250 U. S. 153, 39 S. Ct. 440, 63 L. Ed. 905.

[2] The second contention is answered, and likewise adversely to plaintiff in error, by Searight v. Stokes, 3 How. 151, 11 L. Ed. 537, and In re Debs, 158 U. S. 564, 15 S. Ct. 900, 39 L. Ed. 1092. Commenting on the Searight Case, plaintiffs, in argument, say: "Such a road was truly a federal road in its ownership and control, and might well have been the subject of such a proceeding as the present on the part of the United States."

This concedes the whole point, because the highway there in question was not a federal highway in either ownership or control. The Cumberland Road was constructed by the United States, through Pennsylvania and several other states, under federal legislation. For list of acts relating thereto see vol. 2, p. 357, U. S. Stats. at Large. By act of Congress parts of the Cumberland Road had been ceded to the several states. The Chief Justice said: "Under this act of Congress the surrender was accordingly accepted in 1835, * * * and from that time the road has been in the possession of and under the control of the several states, with toll gates upon it."

In the Debs Case, the court, after adverting to the reasons controlling the decision in the Searight Case, said (at page 584 [15 S. Ct. 906]): "We do not care to place our decision upon this ground alone. Every government, intrusted, by the very terms of its being, with powers and duties to be exercised and discharged for the general welfare, has a right to apply to its own courts for any proper assistance in the exercise of the one and the discharge of the other, and it is no sufficient answer to its appeal to one of those courts that it has no pecuniary interest in the matter. The obligations which it is under to promote the interest of all, and to prevent the wrongdoing of one resulting in injury to the general welfare, is often of itself sufficient to give it a standing in court."

[3] The question as to whether the government must go into a court of law or proceed in equity is also fully answered in the Debs Case. In Bush Co. v. Maloy, 267 U. S. 317, 324, 45 S. Ct. 326, 327, 69 L. Ed. 627, the court said: "The federal aid legislation is of significance, not because of the aid given by the United States for the construction of particular highways, but because those acts make clear the purpose of Congress that state highways shall be open to interstate commerce."

[4] We find that the court had jurisdiction to grant the injunction, but, as it is a permanent injunction against a lawful construction, it should be so modified that it shall continue in force until such time only as the District Court shall be advised and shall find that satisfactory arrangements have been made to construct a permanent bridge across the channel to be cut through said highway. The District Court shall retain jurisdiction of the cause.

For the sole purpose of permitting such modification, the decree is reversed.