## NEW YORK LIFE INS. CO. v. MARSHALL.

District Court, E. D. Louisiana. July 8, 1927.

On Application for Injunction to Stay Proceedings in State Court Pending Plaintiff's Appeal, July 18, 1927.

No. 18776.

1. **Courts** ⟐⟐328(4)—**In suit for cancellation for fraud of insurance policies between same parties, federal courts may add amounts of the several policies for jurisdictional purposes.**

 In a suit for cancellation for fraud of insurance policies between the same parties, and alleged to have grown out of substantially the same transaction, a federal court may add the amounts of the several policies to make up the jurisdictional amount.

2. **Courts** ⟐⟐493(3)—**Federal court held not to have equitable jurisdiction to adjudicate matter of defense to action at law in state court in cause not removable.**

 Where a state court has first rightfully assumed jurisdiction of a cause not removable, equitable jurisdiction does not accrue to a federal court because it is thought that the law as administered by that court is more favorable to the party seeking its aid.

3. **Cancellation of instruments** ⟐⟐13—**Equity court will not generally order cancellation of policy obtained by fraud, when the fraud constitutes defense to action on policy.**

 While equity courts have power to order cancellation of policy obtained by fraudulent representations and suppression of facts, they will

not generally do so when the representations and suppressions can be perfectly well used as a defense in an action at law on the policy.

**4. Courts ⬦262(3)—Insurer held not entitled to maintain suit in federal court for cancellation of policies for fraud, when its entire claim could be litigated in pending suit in state court.**

A life insurance company, which issued two policies for $2,500 each, to the same person, *held* not entitled, after his death, to maintain a suit in equity in a federal court for cancellation of the policies for fraud, when the beneficiary had brought suit on one of the policies in a state court of Louisiana, in which the company could not only plead the fraud as a defense, but under the state practice could set it up by way of reconvention as ground for cancellation of both policies in that suit.

**5. Cancellation of instruments ⬦8—Threatened irreparable injury held not to sustain suit for cancellation of policies for fraud.**

Life insurance company *held* not entitled to maintain suit in a federal court to cancel policies for fraud, after the death of insured, on the ground of preventing irreparable injury because of a clause making the policies incontestable after a limited time, where it would be 14 months before the time expired and the beneficiary had already brought suit on one policy.

On Application for Injunction to Stay Proceedings.

**6. Courts ⬦356(7)—Injunction pending appeal from denial of injunction is not authorized by equity rule 74.**

Equity rule 74 does not authorize the granting of an injunction pending appeal from a decree denying an injunction.

**7. Appeal and error ⬦456—Complainant held not entitled to an injunction pending appeal.**

On dismissal of a bill for an injunction staying a suit in a state court, as not allowable under Judicial Code, § 265 (Comp. St. § 1242), the court will not stay the state suit pending an appeal.

In Equity. Suit by the New York Life Insurance Company against Mrs. Susie G. Marshall, widow of Frank A. Marshall. On motion to dismiss bill, which was granted, and later motion by complainant for injunction pending appeal. Denied.

Richard B. Montgomery, of Montgomery & Montgomery, of New Orleans, La., and B. D. Talley, of Bogalusa, La., for complainant.

Charles Ellis Ott, of Ott & Rich, of Bogalusa, La., for defendant.

On Motion to Dismiss.

BURNS, District Judge. The defendant is the widow of Frank A. Marshall, who died November 27, 1926. She is beneficiary under two policies of insurance, for $2,500 each, on the life of her said deceased husband. She moves to dismiss plaintiff's bill in equity, which prays for a cancellation and return of the two policies for alleged misrepresentations and suppressions of fact by the insured with respect to his health and medical history in two applications made by him for the insurance, preceding the issuance of the policies.

Following Frank A. Marshall's death, the insurance company plaintiff had declared the policies rescinded and had offered to return the paid premiums. The widow, now defendant here, thereupon filed suit in the Twenty-Second judicial district court for the parish of Washington, state of Louisiana, upon one policy only, praying for a judgment of $2,500. She has not as yet sued upon the other policy, which is for a like amount. Before defending that suit, which was not removable to this court, the insurance company filed this suit in equity, praying for an injunction to restrain further proceedings by the defendant, as plaintiff, in the said court, during the pendency of this suit, and also praying for the cancellation and return of the policies as hereinabove first stated.

By this motion to dismiss, the defendant attacks the jurisdiction of this court, urging the prohibition of section 265 of the Judicial Code (Comp. St. § 1242) against the granting of injunctions by the courts of the United States to stay proceedings in any court of a state, and also the prohibition of section 267 of the Judicial Code (Comp. St. § 1244), which prohibits suits in equity in the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law.

[1] Ordinarily this court would have and should exercise jurisdiction in a suit for the cancellation of a policy of insurance for fraud between citizens of different states, where the amount in controversy exceeds $3,000, and grant equitable remedy therein, even though the cause of action in the suit arose out of two separate policies or contracts, such as are in question here. These two policies, for $2,500 each, may be considered together for jurisdictional purposes, since they are between the same parties, are of the same character, and, according to the averments of the bill, grew out of substantially the same transaction or negotiation. See Mutual Life Ins. v. Rose (D. C.) 294 F. 122; Mass. Pro Ass'n v. Kittles (C. C. A.) 2 F.(2d) 211. It is the actual matter in dispute, the value of the rights involved, that is controlling in determining the jurisdiction. Wright v. Mut. Life Ins. Co. of N. Y. (D. C.) 3 F.(2d) 501; Mass. Pro. Ass'n v. Kittles, supra.

[2] But, where a court of a state has first assumed jurisdiction of a cause which is lawfully within its jurisdiction, and that cause is not removable to a federal court, equitable jurisdiction does not accrue to such federal court because it is thought that the law as administered by that court is more favorable to the party seeking its aid. Cable v. U. S. Life Ins. Co., 191 U. S. 309, 24 S. Ct. 74, 48 L. Ed. 188.

[3] In Phœnix Mut. Life Ins. Co. v. Bailey, 13 Wall. 621, 20 L. Ed. 501, the Supreme Court distinctly decided that, although equity courts have power to order the delivery of and cancellation of a policy of insurance obtained on fraudulent representations and suppression of facts, yet it will not generally do so when the representations and suppressions can be perfectly well used in a defense at law in a suit upon the policy. Hence a bill for such purpose may be properly dismissed without prejudice.

The Supreme Court made particular reference to Hipp v. Babin, 19 How. 271, 15 L. Ed. 633, repeating the conclusion that, whenever a court of law in such a case is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy without the aid of a court of equity, the plaintiff must in general proceed at law, because the defendant under such circumstances has a right to a trial by jury.

Recognizing exceptions to that rule in cases where preventive relief was administered by injunction, the Supreme Court declared that such relief was granted in such cases to prevent irreparable injury or a multiplicity of suits, or where the injury is of such a nature that it cannot be adequately compensated at law, or is such as from its continuance or permanent mischief must occasion constantly recurring grievance, which cannot be removed or corrected otherwise than by the preventive remedy afforded by equity.

The bill presented here, against which the motion to dismiss is directed, seeks to bring this case into the excepted class, urging that the policies in question contain a limitation upon its right of action. The clause reads: "This policy shall be incontestable after two years from this date."

Plaintiff contends that, because of this clause, irreparable injury is threatened, since the defendant beneficiary has sued upon only one policy in the state court, and can refuse to sue upon the second until after the contractual period of limitation against the plaintiff insurer has elapsed; that therefore, whilst the rescission for fraudulent representations and suppressions may be pleaded in defense of the suit now pending, the remedy at law is not adequate and complete, because the two policies are not before the court.

Plaintiff contends additionally that it is threatened with a multiplicity of suits, since another suit for a like amount may be brought against it under the other policy, and therefore it is entitled to invoke the equity jurisdiction of this court, because the phrase "multiplicity of suits" may mean but two suits between the same persons. Plaintiff cites in support of this last contention South Penn. Oil Co. v. Calf Creek Oil & Gas Co. (C. C.) 140 F. 507, and other cases. It also cites Mut. Life Ins. v. Rose and Mass. Pro. Ass'n v. Kittles, supra, to the effect that death does not interrupt the incontestability period, where the policy prescribes a specified time, and that such a clause will furnish the special circumstances for equitable cognizance, and Lincoln Nat. Life Ins. Co. v. Peake (D. C.) 10 F.(2d) 366, to the effect that delay by the beneficiary or assignee in filing suit on the policy would defeat plaintiff's right under such a clause.

[4] A consideration of these and other authorities cited in the briefs persuades me that the rule applied in Cable v. U. S. Life Ins. Co. and in Phœnix Mut. Life Ins. Co. v. Bailey, supra, is decisive of this case. Where a plaintiff in a state court which has jurisdiction over the subject-matter brings the defendant properly within such jurisdiction, he or she is entitled to a trial of his or her case in that court, unless the same may be removed to a federal court upon some constitutional ground. If that ground does not exist, equitable jurisdiction does not accrue to the federal court. Upon the death of the insured, the obligation to pay sums certain as expressed in the policies became fixed and absolute, precisely the same as in the Bailey Case, where the Supreme Court held that the demand for payment was a purely legal demand, and declared that it was difficult to see what remedy more clearly perfect and complete could be afforded the insurer than the right to make its defense at law; that, where a party has a good defense at law to a purely legal demand, he has no occasion to resort to a court of equity for relief, unless he is prepared to prove some special circumstance to show that he may suffer irreparable injury.

[5] To my mind the plaintiff fails to show a special circumstance of the character contemplated. Its contention that it does is merely colorable. The defendant has already proceeded upon one policy, and there are yet some 14 months of the contestable period to

run, under the clause in question. The fixed and absolute amount of each of the separate policies is below the jurisdictional minimum of this court, and the suits separately brought thereunder are not removable here. This court cannot assume, for the purpose of this motion to dismiss, that the sole reason of the defendant for bringing suit upon only one policy was to deprive the plaintiff insurer of the benefit of the contestability clause. There may be some recognized defect in the other policy, or it may be that the terms and conditions of both policies and all of the attendant circumstances are identical as to each policy, because of which the defendant insurer assumed that a decision of the issues in one such suit would suffice to conclude her dispute with the insurer. However this may be, and although I am not unmindful of the elementary rule in equity that, to constitute an adequate remedy at law, the remedy must be as complete, practical, and efficient both in respect to the final relief sought, and the mode of obtaining it as the remedy in equity, and must be available to the plaintiff in a federal court (Boise Artesian Water Co. v. Boise, 213 U. S. 276, 29 S. Ct. 426, 53 L. Ed. 796, and other cases cited in Standard Oil Co. v. Atlantic Coast Line R. Co. [D. C.] 13 F.[2d] 633), I cannot overlook the fact that this insurance company waited until May 26, 1927, 6 months after the insured died, and after his beneficiary filed suit in the state court, before filing this suit. Nor can I overlook the fact that the threatened alleged irreparable injury, by the expiration of its contestability clause, will not be imminent until some 13 or 14 months hence.

In my view, the plaintiff's case here does not come within the recognized exceptions to the rule. The circumstance that the plaintiff sued only upon one policy is not such a special circumstance as would justify this court in assuming jurisdiction of this case, the immediate effect of which would be to arrest proceedings in a state court in a case over which that court has already lawfully assumed jurisdiction. A due observance of the purpose and intent of section 265 will restrain an abuse of the extraordinary power of this court by the hasty issuance of writs of injunction. A due regard must also be had for the actual situation of the parties, for the rights of the defendant, as well as those of the plaintiff, and, by all means, for the dignity and the lawful authority of the courts of the state.

In this situation, at this time, the plaintiff is plainly free of any actual menace of a multiplicity of suits. It is true that in certain cases referred to in plaintiff's brief the word "multiplicity" has been so construed as to permit the interference of a court of equity where but two suits were pending against the same defendant, but a due regard must be had to the circumstances of each particular case.

In the state court in which the law suit is pending, and in which the second suit is impending, a mode of practice obtains which differs materially from that in most other jurisdictions. The practice in Louisiana recognizes no distinction between legal and equitable remedies. The simple forms of action prescribed by its Code of Practice permit all classes of actions to be pleaded by simple petition. Reconventional demands, which are the equivalents of cross-bills, may be pleaded in the answer. Article 20 of the Louisiana Code of Practice prescribes that "he who has a right of action to claim what is due to him has a right yet more evident to use the same cause of action as an exception, in order to preserve his rights." And article 374 et seq. of the Code of Practice provides for reconventional demands. A reconventional demand is defined as that which the defendant institutes in consequence of that which the plaintiff has brought against him.

Special defenses available to the plaintiff in the state court, where it is defendant, may be more readily pleaded there than perhaps in any other jurisdiction. There is nothing to prevent this insurance company, as defendant in that suit, from urging its special defense, and also cumulating an action for the avoidance of the second policy in the suit there pending by reconventional demand. The plaintiff in that court has the same control over the case, as defendant, that the plaintiff has, and may put the same at issue and force it to trial against the desires of the plaintiff therein.

Under the circumstances, I do not think that the plaintiff will suffer irreparable injury by being deprived of the right to contest the policy within the period of limitation. In the Cable Case the Supreme Court said:

"Still less do we think that any foundation is laid for that [federal] jurisdiction based upon the theory that the company would not have the same control of the case as a defendant that it would as plaintiff. That is not the case in modern practice. The defendant can urge the case to trial against the desires of the plaintiff, and its defense may be shown as well and conveniently by a defendant, as the cause of action may be shown by the plaintiff. The right of the

plaintiff to discontinue the action does not furnish ground for equitable jurisdiction; if it did, then equity would always have jurisdiction and the rule would be worthless."

My conclusion is that, whilst a suit of this character might originally have been entertained by this court as a court of equity jurisdiction, the plaintiff has not established such special circumstances here as would bring the case within the exception to the rule at this time; that the right of the defendant to prosecute her suit in the state court must be respected, the same having been first brought there, and the jurisdiction of that court having attached prior to the bringing of this suit; that the plaintiff is not threatened with such irreparable loss or injury at this time as would justify this court in the exercise of its extraordinary power; that the circumstances obtaining in the present state of the litigation are such as present ample opportunity to both parties to properly frame their issues in the court which first obtained jurisdiction, without a multiplicity of suits or of vexatious and unnecessary litigation.

Accordingly the motion to dismiss will be sustained, and the plaintiff's bill dismissed without prejudice. Let a final decree be entered for defendant.

### On Application for Injunction to Stay Proceedings in State Court Pending Plaintiff's Appeal.

By reference to my original opinion dismissing the bill, it will be seen that I did not deny the jurisdiction of this court.

I considered the bill as one brought on the equity side of this court and held that the bill did not come within the class of cases excepted from the application of section 265 of the Judicial Code. This statute is not jurisdictional. "It merely limits this court's equity power in respect of the granting of a particular form of equitable relief. In short, it goes merely to the question of equity in the particular bill. See Simon v. Southern R. Co., 236 U. S. 115, 116, 122, 124, 35 S. Ct. 255, 59 L. Ed. 492; Wells Fargo & Co. v. Taylor, 254 U. S. 175, 185, 41 S. Ct. 93, 65 L. Ed. 205; Public Service v. Corboy, 250 U. S. 153, 39 S. Ct. 440, 63 L. Ed. 905; National Surety Co. v. State Bank, 120 F. 593, 604." Smith v. Apple, 264 U. S. 279, 44 S. Ct. 311, 68 L. Ed. 678.

I decided that the plaintiff was not entitled to the equitable remedy of injunction, upon the cause of action alleged in the bill, to deprive the defendant of her right to a trial of her case in the state court which is not removable here, and of which that court was first seized with jurisdiction.

The plaintiff now applies for an injunction to stay proceedings in the state court during the pendency of its appeal, urging that it will otherwise suffer a denial of the benefit of appeal; that its right to an injunction is the "main bone of contention"; that this court has the right and should issue such injunction under Equity Rule 74 to prevent the defendant from prosecuting her case in the state court. Hovey v. McDonald, 109 U. S. 150, 161, 3 S. Ct. 136, 27 L. Ed. 888; Cumberland Telephone & Telegraph Co. v. La. Pub. Service Commission, 260 U. S. 212, 43 S. Ct. 75, 67 L. Ed. 217, and Cunard S. S. Co. v. Mellon (D. C.) 284 F. 890, 897, are cited as authorities by analogy.

These decisions seem, on the contrary, to sustain the principle upon which I am acting, viz., to avoid the improvident granting of injunctions and the possible unnecessary conflict between Federal and State authorities always to be deprecated.

[6] The point is that Equity Rule 74 specifically restricts the granting of injunctions pending appeal to cases (1) when an injunction has been granted, and (2) when one has been dissolved. It does not include cases where an injunction, or restraining order, has been refused.

[7] The cases cited by counsel indicate that injunctions have been granted pending appeal in cases which have been heard on the merits. This is because it is recognized that where an injunction has been refused, the supersedeas to which plaintiff is entitled is not effective because there is nothing to supersede and the status quo ante can be preserved in no other way. Cumberland Tel. & Tel. Co. Case, cited supra. I agree that such applications for relief address themselves to the sound discretion of the trial judge. The cited authorities seem to this effect. But the power should be exercised only when irremediable injury may result from the effect of the decree as rendered. Its exercise or non-exercise is not an appealable matter. Merrimack River Sav. Bank v. Clay Center, 219 U. S. 533, 31 S. Ct. 295, 55 L. Ed. 320, Ann. Cas. 1912A, 513, citing the Slaughter House Cases, 10 Wall. 273, 279, 19 L. Ed. 915, and Hovey v. McDonald, supra. It is to be noted that an injunction had issued in that case, and Equity Rule 93 (now 74) applied.

The question to be considered, if the discretion is to be exercised, is "how far the absence of any protection to the losing party will expose him to serious and irreparable damage, if in the end he wins, without im-

posing an equal damage upon the other party, if he holds his decree. Like all such matters, it depends upon a balance between the two." Judge Learned Hand, in Cunard Steamship Co. v. Mellon (D. C.) 284 F. 890.

In that case the jurisdiction was vested in the court by a Federal question; the interpretation of a Federal statute. There was no question of conflict of authority with a court of a state, such as is presented here. However, since the balance of convenience, of the parties and of their exposure to irreparable damage is the test, can it be said that the denial of protection to the plaintiff during its appeal will outweigh the inconveniences of the defendant by denial of her right to prosecute her case in the State Court? I think not.

It is to be remembered that the decision on the motion to dismiss resulted from my finding that the plaintiff could suffer no irreparable injury, at least during the next twelve or fourteen months, and that it was menaced with no multiplicity of suits. If I should find now, as I must if this application is to be allowed, that it would suffer irreparable injury, then I should feel constrained to recall the decree and issue the injunction originally prayed for. This consideration alone disposes of the application, although my best judgment is that by granting it I should be imposing a greater hardship on the defendant than that of which the plaintiff complains, and unnecessarily so. The application is therefore denied.