## JOSEPH H. WEIDERHOFF, Inc., et al. v. NEAL et al.

### No. 584.

District Court, W. D. Missouri, C. D.

Jan. 3, 1934.

In Equity. Suit by Joseph H. Weiderhoff, Inc., and another against Mrs. Myrtle Marie Neal and others. Decree for plaintiffs.

Leo T. Schwartz, of Kansas City, Mo. (Maurice J. O'Sullivan, of Kansas City, Mo., of counsel), for plaintiffs.

Franklyn E. Reagan, of Jefferson City, Mo., for defendant Mrs. Myrtle Marie Neal.

Roy McKittrick, Atty. Gen., and Franklyn E. Reagan, Asst. Atty. Gen., for defendant Compensation Commission.

REEVES, District Judge.

This is a proceeding to enjoin the members of the Missouri Workmen's Compensation Commission from entertaining jurisdiction and determining a question of compensation. The claimant is also enjoined.

The facts are that one Leon P. Neal was employed by the plaintiff in the state of Illinois, the residence of both the employer and employee. While the employee was engaged in such employment, and on December 13, 1932, he was killed near Chillicothe, Mo.

Illinois has a Workmen's Compensation Law (Smith-Hurd Rev. St. Ill. 1931, c. 48, § 138 et seq.), and by means of the usual administrative tribunal created for the purpose, claims are adjusted which arise through the relation of employer and employee. This law automatically affects both the employer and the employee and excludes all other statutory and common-law remedies. It is provided in said law that where the contract of employment is entered into in the state of Illinois, adjustments are made thereunder, notwithstanding the fact that the damage might have accrued outside of the territorial limits of said state.

In this case it was admitted that the employee was killed outside the state of Illinois. It is the contention of the plaintiff that the Workmen's Compensation Law of Illinois is applicable and that the claimant is required to seek an adjustment of damages under the laws of Illinois.

On the other hand, the defendants say that the claimant is not deprived of her legal remedies because of the circumstance that the accident occurred and the damages accrued in the state of Missouri. It is urged by the defendants that the laws of Illinois would not have extraterritorial force. Moreover, the defendants aver that this court would be without jurisdiction of the subject-matter, and, even if so, it could not restrain the Missouri Workmen's Compensation Commission because said commission partakes of the nature of a court.

These questions and others will be noted and discussed in the course of this memorandum opinion.

■ 1. The contention of the defendants that this court could not issue an injunction against the Missouri Workmen's Compensation Commission because of section 379, title 28, U. S. C. (28 USCA § 379), is without support. This section applies to judicial tribunals and its object is to prevent unseemly conflict between courts. The Supreme Court of Missouri has repeatedly ruled that the Workmen's Compensation Commission of Missouri is not a judicial tribunal. It is construed to be an administrative agency to carry the provisions of the act into effect, and that it is not invested with judicial power in the sense in which the term is used in the Constitution. Oren v. Swift & Co., 330 Mo. 869, 51 S.W.(2d) 59, loc. cit. 61; State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission, 320 Mo. 893, 8 S.W.(2d) 897; De May v. Liberty Foundry Co., 327 Mo. 495, 37 S.W.(2d) 640.

■ 2. The further contention that the plaintiff has an adequate legal remedy under the laws of Missouri is also without merit. When plaintiff and its employee entered into their engagement, the Workmen's Compensation Laws of Illinois automatically fixed their relationship and the substantial rights of each one. The contract of employment was entered into in view of the law, and the statutes became a part of the contract. It was their engagement therefore that in case of a claim for damages, whether accruing in the territorial limits of Illinois or beyond such limits, such claim would be determined and adjusted under the laws of Illinois. This was a valid undertaking and fixed the substantive rights of the parties, and each one became bound thereby. See Daggett v. Kansas City Structural Steel Co., 65 S.W. (2d) 1036, Supreme Court of Missouri, not yet reported [in State Report].

■ Claimant seeks to have her claim ascertained and determined by a statutory tribunal expressly forbidden under the Illinois law, and thus, in the contract between the parties. Moreover, a Missouri statute specifically denies jurisdiction to the defendant commission. Section 3310, R. S. Mo. 1929 (Mo. St. Ann. § 3310, p. 8245), is as follows:

"(b) This chapter shall apply to all injuries received in this state, regardless of where the contract of employment was made, and also to all injuries received outside of this state under contract of employment made in this state, *unless the contract of employment in any case shall otherwise provide.*"

The words italicized were evidently intended to meet a situation such as appears in this case and make the law inapplicable.

■ Furthermore, it appears that claimant has interposed a claim before the Illinois

Workmen's Compensation tribunal. Plaintiff, therefore, has a right to resort to this equitable proceeding to avoid a multiplicity of suits and to save it from proceedings that obviously would not give it the full, complete, and entire relief obtainable by an equitable proceeding in this court.

3. The question involved is the matter of a statutory tribunal in Missouri refusing to give full faith and credit to the statutes of the state of Illinois. Upon failure or refusal to do that, it is the duty of this court to protect the rights of plaintiff in its enjoyment of the guaranties of the Constitution. Mississippi Railroad Commission v. Illinois Central Railroad Company, 203 U. S. 335, 27 S. Ct. 90, 51 L. Ed. 209; Smyth v. Ames, 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819; Public Service Co. of Northern Illinois v. Corboy, 250 U. S. 153, 39 S. Ct. 440, 63 L. Ed. 905.

The case of Bradford Electric Light Co. v. Clapper, 286 U. S. 145, 52 S. Ct. 571, 76 L. Ed. 1026, 82 A. L. R. 696, is fully and completely decisive of all of the questions involved here. In that case, the Bradford Electric Company, as employer, had a contract of employment with one Leon J. Clapper as its employee. The corporation was domiciled in Vermont, as was its employee. The employment engagement required some work beyond the territorial limits of Vermont, viz., in the state of New Hampshire. The employee suffered injuries from which he died, while engaged in his employment in New Hampshire. A suit was filed in New Hampshire, and recovery sought under the laws thereof. The case finally reached the Supreme Court of the United States, and there it was held that the laws of Vermont controlled the substantive rights of the parties, even though the accident and consequent damages accrued in another state.

The identical situation is present here, and an inspection of the laws of the several states show little or no variance between those of Illinois and Vermont. Each of the statutes sought to exclude recovery of damages under the common law or by statute other than through the tribunals, and in accordance with the rights fixed by the state where the contract was entered into. Very recently the Supreme Court of Illinois, in Nelson J. Cole et al. v. Industrial Commission et al., 353 Ill. 415, 187 N. E. 520, 90 A. L. R. 116, had before it the same state of facts in a case arising under the laws of Indiana, but tried in the Illinois courts because the damages were alleged to have accrued in that state. The Supreme Court of Illinois followed the Bradford Electric Light Co. v. Clapper Case, and held that the substantive rights of the parties were in accordance with their contract at the place of employment, and that the statutes of Indiana where the engagement was entered into became a part of the contract, and, that in all claims for damages, proceedings should be had in accordance therewith.

The restraining order in this case is proper, and clearly the plaintiff is entitled to a temporary injunction.

Counsel for plaintiff will prepare and submit an appropriate decree.